IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| THE UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) Hon. |
| | ) Case No. 18cr 505 (RBK) |
| v. | ) |
| | ) 18 U.S.C. § 371 |
| KENNETH CRAWFORD, JR., | ) 18 U.S.C. § 287 |
| | ) 18 U.S.C. § 2 |
| Defendant. | ) 26 U.S.C. § 7212(a) |
| | ) |

## INDICTMENT

The Grand Jury in and for the District of New Jersey, sitting at Camden, charges:

## GENERAL ALLEGATIONS

At times relevant to this Indictment:

### Introduction

1. Defendant KENNETH CRAWFORD, JR. resided in Atlantic City, New Jersey and Galloway, New Jersey.

2. Unindicted Co-Conspirator A ("CC-A") resided in Covington, Georgia.

3. Unindicted Co-Conspirator B ("CC-B") resided in Charlotte, North Carolina.

4. Unindicted Co-Conspirator C ("CC-C) resided in Milledgeville, Georgia.

5. The Internal Revenue Service ("IRS") was an agency of the United States Department of the Treasury, a department of the United States of America, which was responsible for enforcing and administering the tax laws of the United States.

6. IRS Form 1099-MISC was an information return that individuals or entities were required to file directly with the IRS to report payment of miscellaneous income above a threshold amount made in the course of their trade or business to another person. IRS Form

1099-MISC was also used to report the amount of federal income tax withheld from the miscellaneous income and paid over to the IRS by the payer of income.

### The "Mortgage Recovery" Tax Fraud Scheme

7.      Defendant CRAWFORD, together with CC-A, CC-B, CC-C and other co-conspirators known and unknown to the grand jury, promoted and executed a scheme to defraud the United States Treasury by assisting client taxpayers in obtaining the payment of false claims for tax refunds from the IRS.  Defendant CRAWFORD and his co-conspirators referred to their scheme as a "mortgage recovery" program.

8.      Defendant CRAWFORD recruited clients, many of whom were behind on mortgage payments with financial institutions and faced potential foreclosure.  He told them that they could reduce or eliminate their mortgage debt by obtaining large federal tax refunds premised upon the existence of such mortgage debt.

9.      Defendant CRAWFORD obtained from his clients mortgage statements and related documentation containing, among other information, the name of the financial institution holding the client's mortgage, the amount of the outstanding debt, the note reflecting the debt, and the social security number of his clients.

10.     Having obtained such information, defendant CRAWFORD caused to be prepared false and fraudulent IRS Forms 1099-MISC.  These false and fraudulent IRS Forms 1099-MISC reported the client's mortgage lender as a payer of income to the client as the payee.  The forms falsely claimed that the client's mortgage lender, which had debt owed to it by the client, actually paid the client income.  In truth, the clients received no such payments or income from their mortgage lenders.

2

11. The Forms 1099-MISC prepared and caused to be prepared by defendant CRAWFORD and his co-conspirators also falsely claimed that the financial institutions withheld and paid over to the IRS substantial taxes from the purported amounts they paid out to the clients. In fact, the claimed tax withholdings were false.

12. Defendant CRAWFORD, with the aid and assistance of his co-conspirators, caused to be filed with the IRS the false and fraudulent Forms 1099-MISC. These false and fraudulent Forms 1099-MISC were prepared and filed without the knowledge or authority of the financial institutions listed.

13. Defendant CRAWFORD and his co-conspirators used the false IRS Forms 1099-MISC as the basis for preparing false federal income tax returns for clients.

14. Defendant CRAWFORD directed his clients to use the scheme's tax return preparer, CC-A, for the preparation and filing of their individual tax returns and amended individual tax returns, IRS Forms 1040 and 1040X. CC-A used the IRS Forms 1099-MISC, as well as other wage, income, and tax information provided by clients, to prepare federal individual income tax returns. As a result of the IRS Forms 1099-MISC and the substantial tax withholdings and payments listed therein, CC-A and defendant CRAWFORD engineered substantial tax refund claims for clients on their tax returns.

15. Defendant CRAWFORD and CC-A transmitted and caused to be transmitted to the clients the prepared returns, directing the clients to sign the returns and file them, along with copies of the IRS Forms 1099-MISC, with the IRS. To conceal the scheme and the identity of its promoters, the prepared returns falsely and fraudulently claimed that the returns had been "self-prepared" by the client.

16.     As a result of these filings, the IRS issued tax refund checks to a number of defendant CRAWFORD's clients, which the clients then deposited into their bank accounts.

17.     Defendant CRAWFORD directed clients to pay him fees from the tax refund proceeds. The fees were typically 25 percent of the tax refund obtained. Defendant also charged some clients upfront initiation and processing fees, usually between $1,000 and $2,500.

18.     Defendant CRAWFORD directed clients to make payments to "The Crawford Estate Trust," a shell entity he had set up and for which he had opened a bank account.

19.     Defendant CRAWFORD transmitted a portion of the fees he received to CC-B who, in turn, made payments to CC-C, who, in turn, made payments to CC-A for their aid and assistance to defendant in carrying out the scheme.

20.     Defendant CRAWFORD also used the fraudulent mortgage recovery program for himself. He caused false and fraudulent IRS Forms 1099-MISC and 1040 to be prepared and filed in his name, claiming a tax refund totaling approximately $191,213.

21.     By in or about March 2016, the IRS opened investigations concerning false refund claims submitted by CRAWFORD'S clients and began efforts to collect the refunds issued.

22.     In response to IRS demands and warning letters to Defendant CRAWFORD's clients concerning the false refunds, defendant CRAWFORD supplied clients with false, fraudulent, and frivolous correspondence and documents to send to the IRS. Defendant also told clients to deceive the IRS by, among other things, concealing defendant CRAWFORD'S role in causing the false returns to be filed. In some instances, defendant CRAWFORD directed clients to remove funds from bank accounts to avoid IRS seizure.

23.     As a result of the scheme, defendant CRAWFORD caused his clients to submit approximately $2,334,938 in fraudulent refund claims to the IRS. Of these claims, the IRS issued approximately $1,393,511 to defendant's clients.

## COUNT 1
## (Conspiracy to Defraud the United States)

24.     The factual allegations contained in paragraphs 1 through 23 of this Indictment are incorporated and re-alleged.

### The Conspiracy and Its Objects

25.     From at least in or about February 2015 and continuing through at least in or about May 2016, in the District of New Jersey and elsewhere,

### KENNETH CRAWFORD, JR.

defendant herein, together with CC-A, CC-B, and CC-C, did unlawfully, voluntarily, intentionally and knowingly combine, conspire, confederate and agree with each other and with others known and unknown to the Grand Jury to defraud the United States for the purpose of impeding, impairing, obstructing, and defeating the lawful government functions of the IRS in the ascertainment, computation, assessment, and collection of the revenue, *to wit*, income taxes.

### Manner and Means

26.     It was part of the conspiracy that defendant CRAWFORD and his co-conspirators would and did recruit clients as part of their "mortgage recovery program" to fraudulently obtain tax refunds.

27.     Defendant CRAWFORD and his co-conspirators would and did generate and cause to be filed IRS Forms 1099-MISC that falsely reported, among other false items, large tax withholdings that never existed.

28.     Defendant CRAWFORD and his co-conspirators would and did cause to be filed individual income tax returns of clients that fraudulently made false claims for large tax refunds.

29.     Defendant CRAWFORD and his co-conspirators would and did cause to be transmitted to their clients United States Treasury Checks obtained by means of false claims for tax refunds.

30.     Defendant CRAWFORD would and did direct clients to pay him substantial fees for his services based, in part, on a percentage of the tax refund received.

31.     Defendant CRAWFORD would and did transmit a portion of the fees he received to his co-conspirators to compensate them for their role in the scheme.

32.     Defendant CRAWFORD would and did cause to be filed false and fraudulent IRS Forms 1099-MISC and 1040 in his own name, in which he fraudulently claimed a substantial tax refund.

33.     Defendant CRAWFORD and his co-conspirators would and did attempt to impair, impede, and obstruct IRS investigations and collection activity concerning the fraudulently-obtained tax refunds by, among other things, concealing from the IRS their involvement in promoting and executing the scheme, including by having clients falsely claim their returns were self-prepared.

## Overt Acts

34.     In furtherance of the conspiracy and to effect the illegal objects thereof, defendant CRAWFORD, and his co-conspirators, committed and caused to be committed the following overt acts, among others, in the District of New Jersey, and elsewhere:

35.     On or about the dates set forth below, defendant CRAWFORD and his co-conspirators filed and caused to be filed with the IRS false and fraudulent IRS Forms 1099-

6

MISC, Miscellaneous Income, for tax year 2014, purportedly on behalf of financial institutions, which Forms reported the false tax withholding amounts referenced below for the Defendant's clients referenced below:

| Overt Act | Client | Filing Date | False Tax Withholdings |
|-----------|--------|-------------|------------------------|
| a. | Client 1 | 8/13/2015 | $296,875 |
| b. | Client 2 | 12/31/2015 | $166,790 |
| c. | Client 3 | 8/27/2015 | $550,431 |
| d. | Client 4 | 8/20/2015 | $418,400 |
| e. | Client 5 | 8/20/2015 | $253,917 |
| f. | Client 6 | 8/13/2015 | $478,291 |
| g. | Client 7 | 8/27/2015 | $391,535 |
| h. | Client 8 | 12/31/2015 | $455,821 |

36.     On or about the dates set forth below, defendant CRAWFORD and his co-conspirators filed and caused to be filed the false and fraudulent IRS Forms listed below for tax year 2014, which Forms claimed the false refund amount referenced below on behalf of the client referenced below:

| Overt Act | Client | Form | Approximate Filing Date | False Claim |
|-----------|--------|------|-------------------------|-------------|
| a. | Client 1 | 1040 | 8/3/2015 | $136,488 |
| b. | Client 2 | 1040X | 10/21/2015 | $116,104 |
| c. | Client 3 | 1040 | 6/8/2015 | $179,742 |
| d. | Client 4 | 1040X | 9/8/2015 | $194,564 |
| e. | Client 5 | 1040 | 11/2/2015 | $102,480 |

|    | Client 6 | 1040X | 4/22/2015 | $217,188 |
|----|----------|-------|-----------|----------|
| f. | Client 6 | 1040X | 4/22/2015 | $217,188 |
| g. | Client 7 | 1040X | 2/10/2016 | $176,623 |
| h. | Client 8 | 1040X | 10/27/2015 | $323,234 |

37.     On or about the dates listed below, defendant CRAWFORD deposited and caused

to be deposited into the bank accounts referenced below the fees from proceeds of fraudulently-

obtained tax refunds paid to him, at his direction, in the amounts referenced below by the clients

referenced below:

| Overt Act | Client | Date of Check | Fee Amount | Bank Account |
|-----------|--------|---------------|------------|--------------|
| a. | Client 1 | 2/10/2016 | $47,055 | Sun National xxxxx9258 |
| b. | Client 2 | 11/27/2015 | $28,331 | Sun National xxxxx9258 |
| c. | Client 3 | 9/28/2015 | $45,310 | Sun National xxxxx9258 |
| d. | Client 4 | 12/18/2015 | $48,641 | Sun National xxxxx9258 |
| e. | Client 6 | 6/18/15 | $42,706 | TD Bank xxxxx7107 |

38.     On or about the approximate dates listed below, defendant CRAWFORD wired or

caused to be wired the funds in the amounts referenced below to bank account xxxxxx2903 held

at BB&T by CC-B:

| Overt Act | Date | Amount |
|-----------|------|--------|
| a. | 10/13/2015 | $9,000 |
| b. | 10/14/2015 | $2,150 |
| c. | 10/27/2015 | $2,175 |
| d. | 11/24/2015 | $2,175 |

8

| | | |
|---|---|---|
| e. | 12/10/2015 | $9,000 |
| f. | 12/17/2015 | $2,175 |
| g. | 12/28/2015 | $24,600 |
| h. | 1/4/2016 | $8,375 |
| i. | 1/15/2016 | $5,600 |
| j. | 2/5/2016 | $13,200 |
| k. | 2/9/2016 | $4,400 |
| l. | 2/9/2016 | $2,200 |
| m. | 2/12/2016 | $9,000 |
| n. | 3/7/2016 | $6,600 |
| o. | 3/24/2016 | $8,800 |
| p. | 3/30/2016 | $8,800 |
| q. | 4/13/2016 | $8,800 |

39.     On or about April 7, 2015, CC-A emailed Client 1 a false and fraudulent individual income tax return, IRS Form 1040, for filing with the IRS.

40.     On or about July 31, 2015, defendant CRAWFORD forwarded to Client 1 an email from CC-C, and copying CC-B, which included a false and fraudulent IRS Form 1099-MISC.  The email notified Client 1 that a copy of the IRS Form 1099-MISC had already been filed with the IRS.

41.     On or about April 7, 2016, in response to the IRS contacting Client 1 regarding his fraudulently-obtained tax refund, CRAWFORD emailed Client 1, directing him what to say and provide to the IRS, including false, fraudulent, and frivolous information.

9

42.     On or about April 27, 2015, defendant CRAWFORD emailed Client 2, soliciting him for mortgage information needed to carry out the mortgage recovery program.

43.     On or about October 15, 2015, CC-A emailed defendant CRAWFORD, directing that defendant CRAWFORD's client, Client 2, attach a copy of the 1099-MISC he received through the scheme to his federal tax return to be filed.

44.     On or about October 15, 2015, defendant CRAWFORD forwarded the email referenced in paragraph 43 to Client 2, saying "Follow instructions.  You should have the 1099 miscellaneous copies in a day or two."

45.     On or about March 28, 2016, after some of CRAWFORD's clients had been contacted by the IRS about their fraudulently-obtained tax refunds, defendant CRAWFORD emailed Client 2, directing him what to say and provide to the IRS, including false, fraudulent, and frivolous information.

46.     On or about June 11, 2016, after Client 2 was contacted by the IRS about his fraudulently-obtained tax refund, defendant CRAWFORD texted Client 2, telling him that the IRS was "just trying to bully us," that "they were not telling the truth," and directing him to people "who understand" and "can help."

47.     On or about February 18, 2015, defendant CRAWFORD emailed Client 3, promoting the mortgage recovery scheme as a way to get a tax refund.

48.     On or about May 29, 2015, defendant CRAWFORD emailed to Client 3 a false and fraudulent IRS Form 1040 for the 2014 tax year, prepared by CC-A, for filing.

49.     On or about March 23, 2015, defendant CRAWFORD texted Client 4 soliciting him for needed mortgage information to carry out the mortgage recovery program.

10

50.     On or about March 26, 2016, after Client 4 had been contacted by the IRS about his fraudulently-obtained tax refund, defendant CRAWFORD texted Client 4, stating "[t]hey are just trying to scare you and find out if someone helped you.  If you say someone helped you they will want the money back.  Yiu [sic] have to say that you researched the Internet."

51.     On or about March 29, 2016, defendant CRAWFORD texted Client 4, directing him to have his wife remove money from their bank account to avoid IRS seizure.

52.     On or about April 13, 2016, defendant CRAWFORD emailed Client 4, directing him what to say and provide to the IRS, including false, fraudulent, and frivolous information.

53.     On or about April 1, 2016, defendant CRAWFORD emailed Client 6, after he had been contacted by the IRS about his fraudulently-obtained tax refund, writing that the IRS employee who contacted him is "just talking [expletive]" and Client 6 should "[j]ust do what I told you."

54.     On or about April 13, 2016, defendant CRAWFORD emailed Client 6 to discourage him from hiring an attorney to deal with the IRS, saying "[i]f lawyers could do this process you would have heard about it.  You are going to get jammed up."

55.     On or about April 7, 2016, defendant CRAWFORD emailed Client 6 and Client 1 an audio-recording of defendant CRAWFORD and other unindicted co-conspirators advising a client about how to deal with IRS employees who contacted her about her fraudulently-obtained tax refund.  In the audio, defendant CRAWFORD advised the client that the "worst thing you can do" is say "somebody helped me" prepare the false tax return that generated the tax refund. An unindicted co-conspirator advised the client to remove the money obtained from the scheme from her bank account so that the IRS cannot seize it.

56.     On or about May 7, 2015, defendant CRAWFORD forwarded to Client 7 an e-mail from CC-C, and copying CC-B, with false and fraudulent documents to file with the IRS, including a false and fraudulent IRS Form 1099-A.

        In violation of Title 18, United States Code, Section 371.

## COUNTS 2 THROUGH 10
### (False Claim to the United States)

57.     The factual allegations contained in paragraphs 1 through 23 of this Indictment are incorporated and re-alleged.

58.     On or about the dates listed below, within the District of New Jersey and elsewhere, defendant,

### KENNETH CRAWFORD, JR.

made and presented, and caused to be made and presented, to the IRS claims for payment of refunds of taxes, in the amounts referenced below, with the knowledge that such claims were false, fictitious, and fraudulent. Defendant CRAWFORD made the claims by preparing and causing to be prepared, and presenting and causing to be presented to the United States Treasury Department, through the IRS, U.S. Individual Income Tax Returns, IRS Forms 1040, and Amended U.S. Individual Income Tax Returns, Forms 1040X, for the tax year 2014, on behalf of the individuals and in the amounts described below, knowing that the claims were false, fictitious, and fraudulent in that the clients named below were not entitled to the refunds which were being claimed:

| COUNT | TAXPAYER | FORM | Filing Date | False Claim |
|-------|----------|------|-------------|-------------|
| 2 | Client 1 | 1040 | 8/3/2015 | $136,488 |
| 3 | Client 2 | 1040X | 10/21/2015 | $116,104 |
| 4 | Client 3 | 1040 | 6/8/2015 | $179,742 |

| 5 | Client 4 | 1040X | 9/8/2015 | $194,564 |
| 6 | Client 5 | 1040 | 11/24/2015 | $102,480 |
| 7 | Client 6 | 1040X | 4/22/2015 | $217,188 |
| 8. | Client 7 | 1040X | 2/10/2016 | $176,623 |
| 9. | Client 8 | 1040X | 10/27/2015 | $323,234 |
| 10. | CRAWFORD | 1040 | 9/11/2015 | $191,213 |

In violation of Title 18, United States Code, Sections 287 and 2.

## COUNT 11
### (Obstruction of the Due Administration of the Internal Revenue Laws)

59.     The factual allegations contained in paragraphs 1 through 23 and 26 through 56 of this Indictment are incorporated and re-alleged.

60.     From on or about March 2016, and continuing thereafter up to and including June 2016, the exact dates being unknown, in the District of New Jersey and elsewhere, the defendant

### KENNETH CRAWFORD, JR.

did corruptly obstruct and impede, and corruptly endeavor to obstruct and impede, the due administration of the internal revenue laws of the United States by, among other things: (a) in response to IRS investigations and collection efforts, instructing clients to conceal from the IRS the fact that he had aided and assisted them in claiming their tax refunds; (b) in response to IRS investigations and collection efforts, providing clients with false, fictitious, and fraudulent

13

information to be provided to the IRS; and (c) instructing clients to remove money from their

bank accounts in order to prevent the IRS from collecting on levies.

In violation of Title 26, United States Code, Section 7212(a).

A TRUE BILL.

FOREPERSON

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General
U.S. Department of Justice, Tax Division

JOHN N. KANE, JR.
Assistant Chief
U.S. Department of Justice
Tax Division, Northern Criminal Enforcement

SEAN GREEN
Trial Attorney
U.S. Department of Justice
Tax Division, Northern Criminal Enforcement

14