2017R00153

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Crim. No. 18-505 (RBK) |
| v. | : | HON. ROBERT KUGLER |
| KENNETH CRAWFORD JR. | : | |

**MOTION FOR PROTECTIVE ORDER**

The United States moves for entry of a protective order, pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure, to limit the defendant's disclosure of the discovery produced by the United States beyond what is needed to prepare his defense. The voluminous discovery the United States intends to produce includes confidential information, including personal identification information and tax return information, belonging to unindicted third parties. The proposed protective order is necessary to protect this and other confidential information included in the United States' discovery while allowing the United States to fulfill its discovery obligations and allowing the defendant to prepare his defense. For good cause, as discussed in detail below, the Court should enter the proposed protective order submitted with this motion.

**BACKGROUND**

On August 29, 2018, a grand jury sitting in Camden, New Jersey, returned an indictment charging Kenneth Crawford, Jr. with one count of conspiracy to defraud the United States, in violation of 18 U.S.C. § 371, eight counts of filing false claims with an agency of the United States, in violation of 18 U.S.C. § § 287 and 2, and one count of obstructing the due administration of the internal revenue laws, in violation of 26 U.S.C. § 7212(a).

The indictment alleges that the defendant marketed a tax fraud scheme referred to as the

"Mortgage Recovery Program."  Under the scheme, the defendant aided and assisted others in filing false documents with the IRS, including false individual income tax returns, to obtain tax refunds to which they were not entitled.  The false documents filed with the IRS as part of the scheme falsely reported that taxpayers had received large amounts of income from their mortgage lenders and that substantial taxes were withheld from that income and paid to the IRS.  In truth, the lenders had not paid Crawford's clients any income or made any payments to the IRS.  The false tax returns requested refunds of the purported tax withholdings.  According to the indictment, Crawford caused clients to submit approximately $2,334,938 in fraudulent refund claims to the IRS.  The IRS issued approximately $1,393,511 to defendant's clients as a result of these false and fraudulent claims.  When the IRS paid the claimed refund amount, Crawford received twenty-five percent of the refund from clients whom he convinced to participate in the "mortgage recovery program."

Once the IRS detected the scheme and initiated proceedings to collect the erroneously-issued refunds from Crawford's clients and assess financial penalties, Crawford allegedly attempted to obstruct the IRS's efforts by telling his clients to lie to the IRS, to conceal his involvement in assisting them with their tax returns, and, in some instances, to move the funds they had received out of their bank accounts to prevent the IRS from recovering the erroneously-issued refunds through bank levies.

On September 12, 2018, Crawford was arraigned.  He pleaded not guilty.  Immediately prior to the arraignment, the Court permitted the defendant to represent himself.  At the arraignment, the United States advised that it would be producing voluminous discovery that would contain confidential information.  It further advised that, as a result of the confidential information contained in the discovery, it would be requesting from the *pro se* defendant that he

consent to entry of a protective order.   The Court addressed the defendant, who appeared to understand the need for such an order:

> MR. GREEN: Your Honor, one more issue regarding discovery, if I may. These are obviously tax records. They are protected. They have all kinds of confidential information . . .Typically, we get a Protective Order by agreement. We are going to request a Protective Order that all the personal identifying information and taxpayer information that will be produced not be disclosed to anyone by Mr. Crawford and that [it] is for his review and in preparation for trial and not to be disclosed for any other purpose.
>
> THE COURT: Well, Mr. Crawford is here. Mr. Crawford, the -- some things you're going to get contain tax payor I.D. numbers, things of that nature. And the government is proposing that the court enter a Protective Order which essentially would say that you certainly are entitled to see it and you're entitled to use it in your defense, but you cannot use it other than for your defense. Do you understand that?
>
> THE DEFENDANT: Yes, I won't be giving out anyone's personal information. The privacy is their privacy. Anything that I get from the plaintiff will be used strictly for my preparation.

(Transcript, 43:12 – 44:9.)   On October 9, 2018 counsel for the United States e-mailed the defendant a proposed protective order for his consent.   On October 22, 2018, not having received a signed protective order from the defendant, counsel for the United States again e-mailed the defendant to request that he sign and return a protective order.   The defendant has not responded, other than to mail counsel unrelated and incomprehensible documents.   This motion follows.

## DISCUSSION

Rule 16(d)(1) of the Federal Rules of Criminal Procedure provides: "At any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief."   Relatedly, the Supreme Court has held that "the trial court can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the materials which they may be entitled to inspect." *Alderman v.*

*United States*, 394 U.S. 165, 185 (1969).   Good cause exists for entry of such an order in this case.

The discovery the United States intends to produce in this case includes personal, sensitive, and confidential information regarding the defendant's clients—those to whom he marketed the "mortgage recovery program."   This includes, among other things, those clients' bank records, mortgage documents, e-mails, and tax returns.   It also includes IRS records related to the clients.   These records are replete with personal identifying information that, regrettably, can be—and often is—used for fraudulent purposes.   Indeed, for this reason, such information has to be redacted prior to being presented to the Court.   *See* Fed. R. Crim. P. 49.1.  Obviously, the volume of discoverable information far exceeds that which would ever be presented in pleadings or at trial.   Redacting personal identification information from all discovery prior to production is simply not tenable and would unnecessarily delay matters.

In addition to containing personal identifying information, the United States' anticipated discovery includes tax returns and other tax return information.   Section 6103 of the Internal Revenue Code generally proscribes the disclosure of tax returns and tax return information. 26 U.S.C. § 6103(a). "Returns" and "return information" under this section include, among other things, tax returns and supporting schedules as well as information furnished to the IRS regarding the determination of tax liability. *See* 26 U.S.C. §§ 6103(b)(1), (2). Section 6103 permits the government to disclose return information in federal proceedings, however, to comply with its discovery obligations. Specifically, Section 6103(h)(4)(D) provides that disclosure is appropriate "to the extent required by order of a court pursuant to section 3500 of title 18, United States Code, or rule 16 of the Federal Rules of Criminal Procedure, such court being authorized in the issuance of such order to give due consideration to congressional policy

favoring the confidentiality of returns and return information as set forth in this title." *See* 26 U.S.C. § 6103(h)(4)(D). With this proposed order, the United States would be permitted to disclose tax returns and tax return information to satisfy its discovery obligations while furthering the congressional mandate to limit dissemination of taxpayer data only to the extent necessary to allow a criminal defendant to defend against the charges.

Finally, the protective order is necessary to protect the secrecy of grand jury material. As referenced in the indictment, Crawford participated in a vast conspiracy that included as yet unindicted co-conspirators. Further investigation may result in indictment of Crawford's co-conspirators and others who promoted the same scheme. The United States will be producing some grand jury material and material gathered as part of an investigation into a far-reaching conspiracy and scheme. The profound interest in grand jury secrecy counsels against unnecessary disclosure of grand jury material that the government is otherwise obligated to provide to the defendant in a pending case. *See Douglas Oil Co. of California v. Petrol Stops Northwest*, 441 U.S. 211, 218-19 & 218 n.9 (1979) ("Since the 17th century, grand jury proceedings have been closed to the public, and records of such proceedings have been kept from the public eye. . . . The rule of grand jury secrecy was imported into our federal common law and is an integral part of our criminal justice system."); *United States v. Procter & Gamble Co.*, 356 U.S. 677, 681 & n.6 (1958). The protective order will allow the defendant to review discovery and prepare his defense without thwarting the investigation of other co-conspirators by precluding him from sharing grand jury or other investigative material with them.

The foregoing amply demonstrates "good cause" for protecting the discovery in this case from being disclosed beyond what is necessary for the defendant to prepare his defense. Moreover, there is no countervailing interest in allowing disclosure of the discovery beyond the

Case 1:18-cr-00505-RBK   Document 25   Filed 10/29/18   Page 6 of 7 PageID: 148

defendant and those retained or appointed to assist in his defense.  *See, e.g., N. Jersey Media Grp. Inc v. United States*, 836 F.3d 421, 430 (3d Cir. 2016) ("[T]here is no tradition of access to criminal discovery. To the contrary, discovery, whether civil or criminal, is essentially a private process because the litigants and the courts assume that the sole purpose of discovery is to assist trial preparation.") (quoting *United States v. Kravetz*, 706 F.3d 47, 54 (1st Cir. 2013)).

## CONCLUSION

For the foregoing reasons, the Court should enter the proposed protective order.

Respectfully submitted by:

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General
U.S. Department of Justice, Tax Division


 /s/Sean M. Green_____
SEAN GREEN
Trial Attorney
JOHN KANE
Assistant Chief
U.S. Department of Justice
Tax Division, Northern Criminal Enforcement
(202) 307-2554
Sean.M.Green@usdoj.gov
John.N.Kane@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of October, 2018, I caused the mailing of the Motion for Protective Order by United States Postal Service to the following non-CM/ECF participants:

Ken Crawford Jr.
117 Liberty Ct.
Galloway, New Jersey 08205


By: */s/ Sean M. Green*
SEAN M. GREEN
Trial Attorney
U.S. Department of Justice
Tax Division
601 D. Street, N.W.
Washington, D.C. 20530
202-307-2554 (v)
Sean.M.Green@usdoj.gov