UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Robert B. Kugler |
| v. | : | Crim. No. 18-505(RBK) |
| KENNETH CRAWFORD, JR. | : | <u>PROTECTIVE ORDER</u> |

This matter comes before the Court on the application of the United States for an Order protecting from disclosure to the public any documents, the information contained therein, and other information provided by the Government to the Defendant pursuant to Federal Rule of Criminal Procedure 16, Title 18, United States Code, Section 3500, <u>Brady v. Maryland</u>, <u>United States v. Giglio</u>, or the Court's Standing Order for Discovery and Inspection, that contains personal identifying information such as account numbers, Social Security numbers, addresses, driver's license numbers, dates of birth, phone numbers, email addresses or physical addresses or that includes tax "returns" or tax "return information" under 26 U.S.C. § 6103.   Such documents shall be referred to hereinafter as "Protected Documents."

Due to the nature and scope of the alleged scheme, discovery in this case is voluminous. Protected Documents which may be used by the parties include documents with personal identifiers such as account numbers, Social Security numbers, addresses, driver's license numbers, dates of birth, phone numbers, email addresses or physical addresses.   Many of the Protected Documents also constitute "returns" or "return information" that are protected under 26 U.S.C. § 6103.  Many of these Protected Documents are likely to be evidence in this case.

Therefore, the Court ORDERS that:

1. The United States shall provide Protected Documents to the Defendant pursuant to

1

Federal Rule of Criminal Procedure 16, Title 18, United States Code, Section 3500, <u>Brady v. Maryland</u>, <u>United States v. Giglio</u>, or the Court's Standing Order for Discovery and Inspection. It may do so without redactions.

      2.      Access to Protected Documents will be restricted to personnel authorized by the Court, namely the Defendant, attorneys of record, and their associated counsels, paralegals, investigators, experts, and secretaries performing services on behalf of the Defendant, prospective witnesses (to the extent deemed necessary by the Defendant or defense counsel for defense investigation or trial preparation) and such other persons as hereafter may be authorized by the Government or the Court upon motion by the Defendant. Protected Documents may be shown to but not be given to or remain in the custody of prospective witnesses (except investigators and experts, retained on behalf of the Defendant, may receive and maintain copies even if they are prospective witnesses).

      3.      The following restrictions will be placed on the above-designated individuals unless further ordered by the Court. The above-designated individuals shall not:

          a.      Make copies of the Protected Documents for, or allow copies of any kind to be made by, any other person, or allow the Protected Documents to be otherwise disseminated;

          b.      Allow any other person to read Protected Documents;

          c.      Use Protected Documents for any purpose other than preparing to defend against the charges in the Indictment or any further superseding indictments arising out of this case; and

          d.      Disclose the Protected Documents in any form to members of the media or permit the Protected Documents to be used for any commercial or business purpose.

4. The Defendant or his attorney shall inform any person to whom disclosure may be made pursuant to this Order of the existence and terms of this Court's Order. The Defendant or his attorney shall provide that person a copy of this Order. The designated persons shall be subject to the terms of this Order. The Defendant and/or his counsel shall maintain a record of all such persons who have received Protected Documents.

5. The Defendant and/or his counsel may not disclose Protected Documents to any person not identified in paragraph 2 above unless the Defendant and/or his counsel makes a written request to the Government or to the Court (any such request may be made <u>ex parte</u>) for an exception to these restrictions, and such a request is granted. The Government shall make all reasonable efforts to accommodate such exceptions on the request to the Government.

6. The Defendant and his counsel shall store the Protected Documents in a secure place and shall use reasonable care to ensure that the Protected Documents are not disclosed or disseminated to any third party in violation of this Protective Order. In the event of any inadvertent disclosure of Protected Documents, the Defendant or his counsel shall promptly notify the Court and the Government as to the identity of the recipient of the inadvertently produced Protected Documents and shall use all reasonable efforts to secure the return or destruction of the inadvertently produced Protected Documents.

7. The requested restrictions shall not restrict the use or introduction of Protected Documents as evidence during the trial in this matter if their use is relevant to the case.

8. Upon conclusion of this litigation, the Defendant or his counsel shall either return Protected Documents to counsel for the United States, or destroy and certify to counsel for the United States the destruction of all Protected Documents.

IT IS SO ORDERED this _____ day of _____, 2018

_____
ROBERT B. KUGLER
UNITED STATES DISTRICT JUDGE