Kenneth Paul Jr.; Crawford
Secured Party,
c/o: John Barry, Notary Public
232 Amherst Ave.
Pemberton, New Jersey



**RECEIVED**

NOV - 6 2018

AT 8:30_____ M
WILLIAM T. WALSH, CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

THE UNITED STATES OF AMERICA,
Plaintiff
v.

KENNETH CRAWFORD, JR,
Defendant

Docket # 11-18-cr-00505-001 (RBK)

## NOTICE OF ACCEPTANCE

Comes now Kenneth Paul Jr.; Crawford in Propria Persona to advise this court of my intent to expedite this process to reach settlement and closure on this accounting immediately. I have accepted the indictment in docket # 1-18-cr-00505-001 for value and returned it to RICHARD E. ZUCKERMAN who appears to be the charging party on behalf of THE UNITED STATES OF AMERICA.

I have exchanged my exemption for the discharge of the charges. I hereby request an accounting for the filing of the 1099 OID to assess the tax. I do not dispute the facts. Based upon the issuance of the appearance bond and the absence of an assessment and findings of fact and conclusions of law, I will enter a plea in discharge to the charges and exchange my exemption for full settlement of the account, both civil and criminal.

I will also enter into the docket a copy of the certificate relevant to the agreement between the parties at the completion of the private administrative proceeding and copies of Robert B. Kuglers' oath of office and bond once I have received them after having recently requested them. I will present the originals for introduction in open court if necessary.

During the arraignment Judge Kugler entered a plea on behalf of the DEFENDANT without the authority of the undersigned. In doing so is nominated as the trustee of this action.  Would you please have your accountant prepare and file Federal Tax Form 1099 OID (Original Issue Discount) to cover the eligible issues (products of statutes) in

case/docket # 1-18-cr-00505-001(RBK). The eligible issue(s) in this matter consist of:

1.      Appearance Bond in the amount of $50,000.
2.      Any other Bonds subsequent to the True Bill Indictment, i.e. the Penal Bonds with OMB No.: 9000-0045, Standard Forms 24, 25, 25A, 273, 274, 275, (Bid, performance, payment, Reinsurance Agreement For Miller Act Performance Bond, Payment In Favor Of The United States Bonds.)
3.      Any other bonds subsequent to and including the True Bill Indictment.

All the issues listed above (1-3) are all being withheld.

All of the products in issue are prepaid, and I am in need of information of your business plan to process prepayments in order to facilitate the tax reporting of the federal withholding to the IRS as taxable income to me. I was not provided with any instrument to "pay" for the product of your withholding which constitutes a dishonor in itself. Any dishonor or denial in this matter on your part admits this settlement to be a tax recovery issue. Please tell me how to proceed in order to make settlement. (27 C.F.R. 72.11, Title 50 Appx. sec. 5 (b)2.)

The tax in question is the original issue discount. The filing of the 1099 OID is to enable the tax charge to return to the source for settlement and closing of escrow in exchange, Treasury Direct, SS# ***-**-0186. After filing please return, or caused to be returned, to my possession all the corresponding property that belongs to me. If you do not intend to comply with my request, then please provide your tax identification number.

Your refusal makes you a participant in an international contract (small claim), and your name will become eligible to appear in the tax report as a recipient of the payer, who is identified in the eligible issue/bill/bond/etc.

You have knowledge and access to the value and other information to report/file the federal tax form and you are now holding a tax liability until you make settlement by return to the source which is what filing the 1099 OID does, and that source is eligible for a tax refund. (1099 inst. which indicate the court must file a 1099, Publication 1212, 26 USC sec 61, 31 USC 5118 (a)(d)2, Am. Jur. 2nd. 33a sec. 12400 &12402). You would become the holder-in due course of the eligible issue(s) for the value stated and that value being a federal tax liability. (UCC 3-105 (a) & (c), UCC 3-302).

Your response is required within 10 working days of receipt of this Notice. Please send my copy of the 1099 OID as well as the forensic accounting, corresponding to FinCEN Form 101. The tax in question is the original issue discount. The filing of the 1099 OID is not mandatory on my part (voluntary), but upon request by me becomes mandatory upon you, and if not complied with, constitutes a "willful failure to file for income tax". If I do not receive the necessary documents within the stated timeframe it will be assumed that you have chosen to dishonor me and I will file the necessary forms noting your refusal to comply

Submitted this ___5th___ day of ___November___   2018

Kenneth Paul Crawford

Kenneth Paul Jr.;  Crawford
Secured Party

cc
A copy of the foregoing was mailed on the   electronically
___5th___ day of ___November___, 2018 to
SEAN M GREEN, attorney for Plaintiff
THE UNITED STATES OF AMERICA

CLERK, UNITED STATES DISTRICT COURT
P.O. BOX 2797
CAMDEN, NJ 08101

**RECEIVED**

OCT 1 7 2018

AT 8:30_____ M
WILLIAM T WALSH, CLERK

RICHARD E. ZUCKERMAN
Tax Division
P.O. Box 972
Washington, D.C. 20044

JOHN N. KANE
Tax Division
P.O. Box 972
Washington, D.C. 20044

SEAN M. GREEN
Tax Division
P.O. Box 972
Washington, D.C. 20044

CHRISTINA BARKER
IRS Criminal Investigations
5218 Atlantic Avenue
Mays Landing, NJ 08330

12 October 2018

Kenneth-Paul Jr.: Crawford
via KENNETH P CRAWFORD JR trust
117 Liberty Court
Galloway, New Jersey [08205]

## NOTICE OF ACCEPTANCE
### Notice to agent is notice to principle and notice to principle is notice to agent.
### Constructive Notice

Re: THE UNITED STATES OF AMERICA v. KENNETH P CRAWFORD, JR
    Docket # 1-18-cr-00505-001(RBK)

Greetings,

Comes now Kenneth Paul Jr. of Crawford (Kenneth-Paul Jr.: Crawford) upon this
Constructive Notice by special appearance without waiving any rights, remedies or
defenses whether statutory or procedural, For the purpose of :

"Accepting all charges for value and returning for settlement and closure, pre-paid, exempt from levy. Pay to the order of the United States Treasury and charge sum said to: UNITED STATES DISTRICT COURT #1-18-cr-00505-001(RBK) Nunc pro tunc 29 August 2018."

During the arraignment Judge Kugler entered a plea on behalf of the DEFENDANT without the authority of the undersigned executor. In doing so is nominated as trustee. Would you please have your accountant prepare and file Federal Tax Form 1099 OID (Original Issue Discount) to cover the eligible issues (products of statutes) in case/docket # 1-18-cr-00505-001(RBK). The eligible issue(s) in this matter consist of:

1. Appearance Bond in the amount of $50,000.
2. Any other Bonds subsequent to the True Bill Indictment, i.e. the Penal Bonds with OMB No.: 9000-0045, Standard Forms 24, 25, 25A, 273, 274, 275, (Bid, performance, payment, Reinsurance Agreement For Miller Act Performance Bond, Payment In Favor Of The United States Bonds.)
3. Any other bonds subsequent to and including the True Bill Indictment.

All the issues listed above (1-3) are all being withheld.

All of the products in issue are prepaid, and I am in need of information of your business plan to process prepayments in order to facilitate the tax reporting of the federal withholding to the IRS as taxable income to me. I was not provided with any instrument to "pay" for the product of your withholding which constitutes a dishonor in itself. Any dishonor or denial in this matter on your part admits this settlement to be a tax recovery issue. Please tell me how to proceed in order to make settlement. (27 C.F.R. 72.11, Title 50 Appx. sec. 5 (b)2.)

The tax in question is the original issue discount. The filing of the 1099 OID is to enable the tax charge to return to the source for settlement and closing of escrow in exchange, Treasury Direct,               After filing please return or caused to be returned to my possession all the corresponding property that belongs to me. If you do not intend to comply with my request, then please provide your tax identification number.

Your refusal makes you a participant in an international contract (small claim), and your name will become eligible to appear in the tax report as a recipient of the payer, who is identified in the eligible issue/bill/bond/etc.

You have knowledge and access to the value and other information to report/file the federal tax form and you are now holding a tax liability until you make settlement by return to the source which is what filing the 1099 OID does, and that source is eligible for a tax refund. (1099 inst. which indicate the court must file a 1099, Publication 1212, 26 USC sec 61, 31 USC 5118(d)2, Am. Jur. 2nd. 33a sec. 12400 &12402). You would become the holder-in due course of the eligible issue(s) for the value stated and that value being a federal tax liability. (UCC 3-105 (a) & (c), UCC 3-302).

Form 101. The tax in question is the original issue discount. The filing of the 1099 OID is not mandatory on my part (voluntary), but upon request by me becomes mandatory upon you, and if not complied with, constitutes a "willful failure to file for income tax". If I do not receive the necessary documents within the stated timeframe it will be assumed that you have chosen to dishonor me and I will file the necessary forms noting your refusal to comply.

Sincerely,

By Kenneth C. J. Ja
Kenneth Paul Jr.: Crawford

## CERTIFICATE OF MAILING

On this 15th day of October 2018, I personally placed this letter into postage pre-paid 1st class envelopes address to the above addresses, and placed into the custody of the United States Postal Service for mailing via Certificate of Mailing USPS Form 3817.

By Kenneth C. J.
Kenneth Paul Jr.: Crawford

State of New Jersey    )
County of Atlantic     )     ss

## **CERTIFICATION OF DOCUMENTS FOR MAILING**

On this 12th day of October, 2018 for the purpose of verification, I, the undersigned NOTARY PUBLIC, do certify and ACKNOWLEDGE that Kenneth Paul Jr.: Crawford, presented the documents listed below to me for **VERFICATION UNDER NOTARY SEAL**, regarding the mailing of a NOTICE OF ACCEPTANCE. I, the undersigned NOTARY PUBLIC, personally verified that I have seen the enclosed documents.

WITNESS my hand and official seal.

_____
Signature of NOTARY PUBLIC
Void where prohibited by law

10/12/18          seal:     **KRISTEN R. CARROW - NOTARY PUBL**
                                **STATE OF NJ ID #50039734**
      Date                      **COMMISSION EXPIRES JUNE 7, 202**

# Non-Disclosure and Confidentiality Agreement

This Non-Disclosure and Confidentiality Agreement (this "Agreement") is entered into as of October 15, 2018 (the "Effective Date") by and between Kenneth P. Jr.; Crawford, as an Individual ("K.P.Jr.") and US DISTRICT COURT CAMDEN, NJ a District of Columbia Corporation ("USDC").

K.P.Jr. and USDC have indicated an interest in exploring a potential business relationship relating to: Trust income or income taxable to holders, deductions, $ credits attributable to the owner. (the "Transaction"). In connection with its respective evaluation of the Transaction, each party, their respective affiliates and their respective directors, officers, employees, agents or advisors (collectively, "Representatives") may provide or gain access to certain confidential and proprietary information. A party disclosing its Confidential Information to the other party is hereafter referred to as a "Disclosing Party." A party receiving the Confidential Information of a Disclosing Party is hereafter referred to as a "Receiving Party." In consideration for being furnished Confidential Information, K.P.Jr. and USDC agree as follows:

1. **Confidential Information.** The term "Confidential Information" as used in this Agreement shall mean any data or information that is competitively sensitive material and not generally known to the public, including, but not limited to, information relating to any of the following: operations, systems, documentation, trade secrets, procedure, which the Disclosing Party considers confidential.

2. **Exclusions from Confidential Information.** The obligation of confidentiality with respect to Confidential Information will not apply to any information:

    a. If the information is or becomes publicly known and available other than as a result of prior unauthorized disclosure by Receiving Party or any of its Representatives;

    b. If the information is or was received by Receiving Party from a third party source which, to the best knowledge of Receiving Party or its Representatives, is or was not under a confidentiality obligation to Disclosing Party with regard to such information;

    c. If the information is disclosed by Receiving Party with the Disclosing Party's prior written permission and approval;

    d. If the information is independently developed by Receiving Party prior to disclosure by Disclosing Party and without the use and benefit of any of the Disclosing Party's Confidential Information; or

    e. If Receiving Party or any of its Representatives is legally compelled by applicable law, by any court, governmental agency or regulatory authority or by subpoena or discovery request in pending litigation but only if, to the extent lawful, Receiving Party or its Representatives give prompt written notice of that fact to Disclosing Party prior to disclosure so that Disclosing Party may request a protective order or other remedy to prevent or limit such disclosure and in the absence of such

protective order or other remedy, Receiving Party or its Representatives may disclose only such portion of the Confidential Information which it is legally obligated to disclose.

3. **Obligation to Maintain Confidentiality.** With respect to Confidential Information:

     a.    Receiving Party and its Representatives agree to retain the Confidential Information of the Disclosing Party in strict confidence, to protect the security, integrity and confidentiality of such information and to not permit unauthorized access to or unauthorized use, disclosure, publication or dissemination of Confidential Information except in conformity with this Agreement;

     b.    Receiving Party and its Representatives shall adopt and/or maintain security processes and procedures to safeguard the confidentiality of all Confidential Information received by Disclosing Party using a reasonable degree of care, but not less than that degree of care used in safeguarding its own similar information or material;

     c.    Upon the termination of this Agreement, Receiving Party will ensure that all documents, memoranda, notes and other writings or electronic records prepared by it that include or reflect any Confidential Information are returned or destroyed as directed by Disclosing Party;

     d.    If there is an unauthorized disclosure or loss of any of the Confidential Information by Receiving Party or any of its Representatives, Receiving Party will promptly, at its own expense, notify Disclosing Party in writing and take all actions as may be necessary or reasonably requested by Disclosing Party to minimize any damage to the Disclosing Party or a third party as a result of the disclosure or loss; and

     e.    The obligation not to disclose Confidential Information shall survive the termination of this Agreement, and at no time will Receiving Party or any of its Representatives be permitted to disclose Confidential Information, except to the extent that such Confidential Information is excluded from the obligations of confidentiality under this Agreement pursuant to Paragraph 2 above.

4. **Non-Disclosure of Transaction.** Without Disclosing Party's prior written consent, neither Receiving Party nor its Representatives shall disclose to any other person, except to the extent, the provisions of Paragraph 2 apply: (a) the fact that Confidential Information has been made available to it or that it has inspected any portion of the Confidential Information; (b) the fact that Disclosing Party and Receiving Party are having discussions or negotiation concerning the Transaction; or (c) any of the terms, conditions or other facts with respect to the Transaction.

5. **Representatives.** Receiving Party will take reasonable steps to ensure that its Representatives adhere to the terms of this Agreement. Receiving Party will be responsible for any breach of this Agreement by any of its Representatives.

6. **Disclaimer.** There is no representation or warranty, express or implied, made by Disclosing Party as to the accuracy or completeness of any of its Confidential Information. Except for the matters set forth in this Agreement, neither party will be under any obligation with regard to the Transaction. Either party may, in its sole discretion: (a) reject any proposals made by the other party or its Representatives with

respect to the Transaction; (b) terminate discussions and negotiations with the other party or its Representatives at any time and for any reason or for no reason; and (c) change the procedures relating to the consideration of the Transaction at any time without prior notice to the other party.

7. **Remedies.** Each party agrees that use or disclosure of any Confidential Information in a manner inconsistent with this Agreement will give rise to irreparable injury for which: (a) money damages may not be a sufficient remedy for any breach of this Agreement by such party; (b) the other party may be entitled to specific performance and injunction and other equitable relief with respect to any such breach; (c) such remedies will not be the exclusive remedies for any such breach, but will be in addition to all other remedies available at law or in equity; and (d) in the event of litigation relating to this Agreement, if a court of competent jurisdiction determines in a final non-appealable order that one party, or any of its Representatives, has breached this Agreement, such party will be liable for reasonable legal fees and expenses incurred by the other party in connection with such litigation, including, but not limited to, any appeals.

8. **Notices.** All notices given under this Agreement must be in writing. A notice is effective upon receipt and shall be sent via one of the following methods: delivery in person, overnight courier service, certified or registered mail, postage prepaid, return receipt requested, addressed to the party to be notified at the below address or by facsimile at the below facsimile number or in the case of either party, to such other party, address or facsimile number as such party may designate upon reasonable notice to the other party.

Kenneth P. Jr.; Crawford
117 Liberty Court
Galloway, NJ 08205
Phone number: (609) 553-9970
Fax number: _____

US DISTRICT COURT CAMDEN
William T. Walsh, Court Clerk
4th & Cooper Streets
Camden, NJ 08101
Phone number: (856) 757-5021
Fax number: _____

9. **Termination.** This Agreement will terminate on the earlier of: (a) the written agreement of the parties to terminate this Agreement; (b) the consummation of the Transaction; or (c) 20 years from the date hereof.

10. **Amendment.** This Agreement may be amended or modified only by a written agreement signed by both of the parties.

11. **Jurisdiction.** This Agreement will be governed by and construed in accordance with the laws of the State of District of Columbia, without regard to the principles of conflict of laws. Each party consents to the exclusive jurisdiction of the courts located in the State of District of Columbia for any legal action, suit or proceeding arising out of or in connection with this Agreement. Each party further waives any objection to the laying of venue for any such suit, action or proceeding in such courts.

12. **Miscellaneous.** This Agreement will inure to the benefit of and be binding on the respective successors and permitted assigns of the parties. Neither party may assign its rights or delegate its duties under this Agreement without the other party's prior written consent. In the event that any provision of this Agreement is held to be invalid, illegal or unenforceable in whole or in part, the remaining provisions shall not be affected and shall continue to be valid, legal and enforceable as though the invalid, illegal or unenforceable parts had not been included in this Agreement. Neither party will be charged with any waiver of any provision of this Agreement, unless such waiver is evidenced by a writing signed by the party and any such waiver will be limited to the terms of such writing.

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the date first written above.

Kenneth P. Jr.; Crawford

By: _Kenneth Paul Jr.; Crawford_

US DISTRICT COURT CAMDEN

By: _____
Name: William T. Walsh
Title: Court Cler

Form **56**
(Rev. December 2011)
Department of the Treasury
Internal Revenue Service

## Notice Concerning Fiduciary Relationship

(Internal Revenue Code sections 6036 and 6903)

OMB No. 1545-0013

### Part I  Identification

| Name of person for whom you are acting (as shown on the tax return) | Identifying number | Decedent's social security no. |
|---|---|---|
| **KENNETH P CRAWFORD JR (the "Beneficiary")** | **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** | |

Address of person for whom you are acting (number, street, and room or suite no.)

**117 LIBERTY COURT**

City or town, state, and ZIP code (If a foreign address, see instructions.)

**GALLOWAY, NJ 08205**

Fiduciary's name

**ROBERT B KUGLER d/b/a U.S. DISTRICT COURT JUDGE, as Trustee I  TIN:**

Address of fiduciary (number, street, and room or suite no.)

**4th & COOPER STREETS I In care of Financial Docket Number: 1-18-cr-00505-001(RBK)**

| City or town, state, and ZIP code | Telephone number (optional) |
|---|---|
| **CAMDEN, NJ 080101 (Address of principal executive offices)** | **( 856 ) 757-5021** |

### Section A. Authority

INTERNAL REVENUE SERVICE
W & I - FIELD ASSISTANCE
MAYS LANDING, NJ 08330

OCT 15 2018

**RECEIVED**

**1** Authority for fiduciary relationship. Check applicable box:
- **a** ☐ Court appointment of testate estate (valid will exists)
- **b** ☐ Court appointment of intestate estate (no valid will exists)
- **c** ☐ Court appointment as guardian or conservator
- **d** ☑ Valid trust instrument and amendments
- **e** ☐ Bankruptcy or assignment for the benefit or creditors
- **f** ☑ Other. Describe ▶ **Pursuant to 26 U.S.C.- 2652,2203,61(12,14,15),1273,1275(a)1(A), 31 U.S.C.5118(d)2&3123(1)Title50,Appx.,5 b(2)**
- **2a** If box 1a or 1b is checked, enter the date of death ▶ _____
- **2b** If box 1c—1f is checked, enter the date of appointment, taking office, or assignment or transfer of assets ▶ _____
  **RE: income or financial assets held on a financial account, maintained in trust with the above financial institution as Trustees.**

### Section B. Nature of Liability and Tax Notices

**3** Type of taxes (check all that apply): ☑ Income  ☐ Gift  ☑ Estate  ☐ Generation-skipping transfer  ☐ Employment
☐ Excise  ☑ Other (describe) ▶ **Trust income or income taxable to holders, deductions, & credits attributable to the owner.**

**4** Federal tax form number (check all that apply): **a** ☐ 706 series  **b** ☐ 709  **c** ☐ 940  **d** ☐ 941, 943, 944
**e** ☐ 1040, 1040-A, or 1040-EZ  **f** ☐ 1041  **g** ☐ 1120  **h** ☑ Other (list) ▶ **1099(A)(OID),1096,1040V,8281**

**5** If your authority as a fiduciary does not cover all years or tax periods, check here  .  .  .  .  .  .  .  .  .  .  .  .  ▶ ☑
and list the specific years or periods ▶ **1 JAN 2018 UNTIL CLOSURE OF INSTRUMENTS**

**6** If the fiduciary listed wants a copy of notices or other written communications (see the instructions) check this box  .  .  .  .  ▶ ☐
and enter the year(s) or period(s) for the corresponding line 4 item checked. If more than 1 form entered on line 4h, enter the form number.

**Complete only if the line 6 box is checked.**

| If this item is checked: | Enter year(s) or period(s) | If this item is checked: | Enter year(s) or period(s) |
|---|---|---|---|
| 4a | | 4b | |
| 4c | | 4d | |
| 4e | | 4f | |
| 4g | | 4h: | |
| 4h: | | 4h: | |

For Paperwork Reduction Act and Privacy Act Notice, see the separate instructions.       Cat. No. 16375I       Form **56** (Rev. 12-2011)

Form 56 (Rev. 12-2011)                                                                                                          Page **2**

| **Part II** | **Court and Administrative Proceedings** | | | | | |
|---|---|---|---|---|---|---|
| Name of court (if other than a court proceeding, identify the type of proceeding and name of agency) | | | | Date proceeding initiated | | |
| **UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY** | | | | **29 AUG. 2018** | | |
| Address of court | | | | Docket number of proceeding | | |
| **4TH & COOPER STREETS** | | | | **1-18-cr-00505-001** | | |
| City or town, state, and ZIP code | | Date | Time | ☐ a.m. | Place of other proceedings |
| **CAMDEN, NJ 08101** | | | | ☐ p.m. | |

| **Part III** | **Signature** |
|---|---|

I certify that I have the authority to execute this notice concerning fiduciary relationship on behalf of the taxpayer.

**Please Sign Here**

_Jennith Paul Jr., Crawford_   **Payer / Beneficiary**        _15 Oct. 2018_
Fiduciary's signature                Title, if applicable                Date

Form **56** (Rev. 12-2011)

   Title 50 Appx. sec. 5 (b)2.-Any payment, conveyance, transfer, assignment, or delivery of property or interest therein, made or for the account of the United States, or as otherwise directed, pursuant to this subdivision or any rule, regulation, instruction, or direction issued hereunder shall to the extent thereof be a full acquittance and discharge for all purposes of the obligation of the person making the same; and no person shall be held liable in any court for or in respect to anything done or omitted in good faith in connection with the administration of, or in pursuance of and reliance on, this subdivision, or any rule, regulation, instruction, or direction issued hereunder.

   Am. Jur. Prudence 33a sec. 12400-Original Issue Discount as taxable interest.  The holder of a  debt instrument issued with original issue discount must include part of the OID in income each year he holds the instrument.

   Am. Jur. Prudence 33a sec. 12402- Application of the Anti-Abuse Rule.

Copy Certified By: _Kenneth P. Crawford_

Title of Officer: _Private Attorney General_

Dated: _13 July 2016_

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS

**NON-UCC Official Document filing per**
**Registered Mail #:** RE 774 790 733 US
**Date Posted and Recorded:**

**A. NAME & PHONE OF CONTACT AT FILER** (optional)
Kenneth P.; Crawford        phone (609) 553-9970

**B. E-MAIL CONTACT AT FILER** (optional)
paul.freedom@ Yandex.com

**C. SEND-ACKNOWLEDGMENT TO:** (Name and Address)

Kenneth P.; Crawford
Private Attorney General
101 S. Raleigh Avenue
Atlantic City, New Jersey
NJ 08401-5840 US

By:

**THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY**

1. **DEBTOR'S NAME:** Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 1a. ORGANIZATION'S NAME |||||
|---|---|---|---|---|
| Kenneth P Crawford Jr INCOLA personal "Civilly Dead" Labor Wagering Organization |||||
| 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| c/o 101 S. Raleigh Ave. Apt. 424 | Atlantic City | NJ | 08401-5840 | US |

2. **DEBTOR'S NAME:** Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 2a. ORGANIZATION'S NAME |||||
|---|---|---|---|---|
| | | | | |
| 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |

3. **SECURED PARTY'S NAME** (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only one Secured Party name (3a or 3b)

| 3a. ORGANIZATION'S NAME |||||
|---|---|---|---|---|
| Kenneth P J; Crawford  -  a Republic Civis "Civilly Alive" International Organization |||||
| 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 101 S. Raleigh Ave. Apt. 424 | Atlantic City | NJ | 08401-5840 | US |

4. **COLLATERAL:** This financing statement covers the following collateral:

The Bailee is an New Jersey Republic Civis Principality "Civilly Alive" of Age and one having the Full Power of a Private Attorney General; therefore I am by the Bailor's Will, Claiming the Bailor's NON-UCC BAILMENT - Labor Wages up to $13 billion. This U.S. Registered Mail - Bailee/Bailor NON-UCC Bonded Labor Wagering Security Claim and Lien stands over all of the associated KENNETH P CRAWFORD - UNITED STATES and STATE OF NEW JERSEY Banked Labor Wagering Credits held on deposit with the associated Labor Wage Banking Division within the Department of Labor; at the Labor Credit Window for Labor payments for the full Liquidation of all of the Bailor's registered secured labor accounts.

Therefore, this Labor Credit Lien NON-UCC is a Superior Labor Claim; which demands the restoration of all withheld Labor Wargering Credits within 3 days to restore my Just Trading Right, as required by the Law.

All Foreign Claim Jumping Contracts Liens and Bonds for their Foreign Corporate "Claim Jumping" Beneficial unjust Profits are to be terminated. After the 3 days of settlement grace, all unresolved "Labor Wagering Claims" will carry additional charges based upon Title 15 USC § 1&2 for Labor Trade RESTRAINTS.

[see the attached sheet for the BAILOR'S Labor Wagering Securities]

| 5. Check only if applicable and check only one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and Instructions) | ☐ being administered by a Decedent's Personal Representative |
|---|---|
| 6a. Check only if applicable and check only one box: | 6b. Check only if applicable and check only one box: |
| ☐ Public-Finance Transaction   ☐ Manufactured-Home Transaction   ☐ A Debtor is a Transmitting Utility | ☐ Agricultural Lien   ☑ Non-UCC Filing |
| 7. ALTERNATIVE DESIGNATION (if applicable): ☐ Lessee/Lessor   ☐ Consignee/Consignor   ☐ Seller/Buyer   ☑ Bailee/Bailor   ☐ Licensee/Licensor |||

8. **OPTIONAL FILER REFERENCE DATA:**
14th Amendment; PL79-291; 22 USC § 288a; 15 USC § 1&2; 46 USC § 73&573; 1868 Expatriation Act; UCC section 9; Miller Act; Baby Act

**FILING OFFICE COPY — UCC FINANCING STATEMENT (Form UCC1) (Rev. 04/20/11)**
International Association of Commercial Administrators (IACA)

# BAILOR/BAILEE NON-UCC # RE 774 790 733 US
# LABOR WAGERING CREDIT Attachment Sheet # 1

## UNITED STATES Department of Labor:
Security Labor Credit Wager Payments and Labor Account Liquidation Window.

- SOCIAL SECURITY - Bonded Labor Wagering Security # 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
- "Certificate of Live Birth" - Bonded Labor Wagering Security #129-012304
- PASSPORT-Bonded Labor Wagering Security #540002582
- 
- 
- 
- 

## OR

## STATE OF NEW JERSEY Department of Labor:
Security Labor Credit Wager Payments and Labor Account Liquidation Window.

- "Certificate of Live Birth" - Bonded Labor Wagering Security # 129-012304
- STATE OF NEW JERSEY - Driver's License and ID Bonded Labor Wagering Security #
- C7243 43177 02682
- Certificate of Marriage Registration - as a STATE Bonded Labor Wagering Security
- 
- 
- 
- 
- 
- 
- 
-

INTERNATIONAL RECORDS

REGISTRY I:   D:

### INDEMNITY BOND

Know all men by these presents, that CRAWFORD JR, KENNETH P, the Debtor, hereby establishes this Indemnity Bond in favor of Kenneth Paul Junior; Crawford, the Secured Party, in the sum of present and future Collateral Values up to the sum of One hundred billion United States Dollars ($100,000,000,000), for the payment of which bond, the Debtor hereby firmly binds its successors, heirs, executors, administrators, DBA's, AKA's, and third-party assigns, jointly and severally.

The Debtor hereby indemnifies the Secured Party against losses incurred as a result of all claims of debts or losses made by any and all persons against the commercial transactions and investments of the Debtor. The condition of this bond is that Secured Party covenants to do certain things on behalf of the Debtor, as set forth in the attached Security Agreement of the same date and executing Parties; and Debtor covenants to serve as a transmitting utility to assure beneficial interest in all accounts established and managed by the United States, and all goods and services in commerce, are available to or conveyed from Debtor to Secured Party, whichever is appropriate.

To avert losses of vested rights in the present or future collateral that is the subject of the attached Security Agreement, Debtor agrees to make available to the Secured Party, such accounts established by intent of the Parties, by operation of law, and/or as constructive trusts, to hold proceeds arising from assets belonging to the Debtor, and administered by the United States or its subdivisions, agents, or affiliates. Pursuant to existing laws of the United States and the agreement of the Parties of the attached Security Agreement, the Secured Party is authorized to assign such funds from said accounts as are necessary to settle all past, present, and future public debts and obligations incurred by the Debtor on behalf of the Secured Party.

The Debtor, without the benefit of discussion or division, does hereby agree, covenant, and undertake to indemnify, defend, and hold the Secured Party harmless from and against any and all claims, losses, liabilities, costs, interests, and expenses, including without restriction, legal costs, interests, penalties, and fines previously suffered or incurred, or to be suffered or incurred by the Secured Party, in accordance with the Secured Party's personal guarantee with respect to loans or indebtedness belonging to the Debtor, including any amount the Debtor might be deemed to owe to a public creditor for any reason whatsoever.

The Secured Party shall promptly advise the Debtor of all public claims brought by third parties against the present or future property of the Debtor, all of which is covered by the attached Security Agreement up to the indemnification amount declared herein, and to provide the Debtor with full details of said claim(s), including copies of all documents, correspondence, suits, or actions received by or served upon the Debtor through the Secured Party. Secured Party shall fully cooperate with discussion, negotiation, or other proceedings relating to such claims.

This bond shall be in force and effect as of the date it is signed and accepted by the Parties, and provided that Secured Party may cancel this bond and be relieved of further duty hereunder by delivering a thirty (30) day written Notice of Cancellation to the Debtor. No such cancellation shall affect the liability incurred by or accrued to Secured Party prior to the conclusion of said thirty (30) day period. In such event of Notice of Cancellation, and in the event the United States reinstitutes its constructive claim against the Collateral, the Debtor agrees to reissue the bond before the end of the thirty (30) day period for an amount equal to or greater than the above value of the attached Security Agreement, unless the Parties agree otherwise.

Done this 15th day of July, 2016, Nunc pro tunc 3 February 1968

KENNETH P CRAWFORD JR
Indemnitor, CRAWFORD JR, KENNETH P

Without Prejudice Kee
Indemnitee, Kenneth Paul Junior; Crawford

CERTIFIED COPY

INTERNATIONAL RECORDS

REGISTRY I: D:

### Commercial Security Agreement

This non-negotiable and non-transferable Security Agreement is made and entered this 13th day of July, 2016, Nunc pro tunc 3 February 2016 by and between KENNETH P CRAWFORD, hereinafter "Debtor", Organization Number 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 and Kenneth P Crawford, hereinafter "Secured Party", Creditor Identification Number 98-6082886. The Parties, hereinafter "Parties", are identified as follows:

DEBTOR:
CRAWFORD JR, KENNETH P, a Legal Entity, Margaret Hague Maternity, Jersey City New Jersey, 07304
Organization Number: 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

Secured Party:
Kenneth Paul Junior; Crawford, a child of the living God and a man
Mailing Location: c/o: 101 S. Raleigh Ave. #424, Atlantic City, NJ 08401-5840 US
Creditor Identification Number: 98-6082886

AGREEMENT

NOW, THEREFORE, the Parties agree as follows:
Debtor hereby grants Secured Party, who deems himself insecure, a security interest in the Collateral described generally herein or specifically on attached Schedule A, hereinafter referred to as "Collateral", to secure all Debtor's property, as well as all income from every source, and all direct and indirect, absolute or contingent, due or to become due, now existing or hereafter arising, presumed or actual, parole or expressed public indebtedness and liabilities held by Debtor, to Secured Party in consideration for Secured Party providing certain things and accommodations for Debtor, including but not limited to:

1. the Secured Party signing by accommodation, without immediate consideration, for the Debtor when necessary where the signature of the Debtor will be required, while retaining the right to make sufficient claims to secured such indebtedness until satisfied in whole;

2. the Secured Party issuing a binding commitment to extend credit or to extend immediately available credit, whether or not drawn upon and whether or not reimbursed in the event of difficulties in collection; and

3. the Secured Party providing the security for payment of all sums due or owing, or to become due or owing, by the Debtor on every public contract entered by the Debtor.

Debtor declares it is a legal entity recognized as such, and has rights and privileges recognized under the laws of the United States, as has been the case since its creation in 1968. All legal means to protect the security interest being established by this Agreement, will be used by the Debtor when necessary; and all support needed by the Secured Party

to protect his security interest in the collateral identified herein, will be provided by the Debtor.

Execution of this Security Agreement incorporates a promise that the Debtor will execute such commercial forms, including but not limited to such Financing Statements as may be necessary, to assure the Secured Party's interest is perfected. The security interest established by this Agreement will continue until the Secured Party is relieved of all liability associated with said services provided to the Debtor, and until all owing and due consideration to the Secured Party has been delivered, regardless of whether the Collateral identified in this Agreement is in the possession of the Debtor or the Secured Party.

Debtor warrants that Secured Party's claim against the Collateral is enforceable according to the terms and conditions expressed therein, and according to all applicable laws promulgated for the purpose of protecting the interests of a creditor against a debtor. Debtor also warrants that it holds good and marketable title to the Collateral, free and clear of all actual and lawful liens and encumbrances except for the interest established herein, and except for such substantial interest as may have been privately established by agreement of the parties with full attention to the elements necessary to establish a valid contract under international contract law. Public encumbrances belonging to the Debtor, against the Collateral, shall remain secondary to this Agreement, unless registered prior to the registration of Secured Party's interest in the same Collateral, as is well established in international commercial law.

## GENERAL PROVISIONS

Possession of Collateral. Collateral or evidence of Collateral may remain in the possession of the Debtor, to be kept at the address given in this Agreement by the Debtor or such other place(s) approved by Secured Party, and notice of changes in location must be made to the Secured Party within ten (10) days of such relocation. Debtor agrees not to otherwise remove the Collateral except as is expected in the ordinary course of business, including sale of inventory, exchange, and other acceptable reasons for removal. When in doubt as to the legal ramifications for relocation, Debtor agrees to acquire prior written authorization from the Secured Party. Debtor may possess all tangible personal property included in Collateral, and have beneficial use of all other Collateral, and may use it in any lawful manner not inconsistent with this Agreement, except that Debtor's right to possession and beneficial use may also apply to Collateral that is in the possession of the Secured Party if such possession is required by law to perfect Secured Party's interest in such Collateral. If Secured Party, at any time, has possession of any part of the Collateral, whether before or after an Event of Default, Secured Party shall be deemed to have exercised reasonable care in the custody and preservation of the Collateral, if Secured Party takes such action for that purpose as deemed appropriate by the Secured Party under the circumstances.

Proceeds and Products from Collateral. Unless waived by Secured Party, all proceeds and products from the disposition of the Collateral, for whatever reason, shall be held in trust for Secured Party and shall not be commingled with any other accounts or funds without the consent of the Secured Party. Notice of such proceeds shall be delivered to Secured Party immediately upon receipt. Except for inventory sold or accounts collected in the ordinary course of Debtor's public business, Debtor agrees not to sell, offer to sell, or otherwise transfer or dispose of the Collateral; nor to pledge, mortgage, encumber, or otherwise permit the Collateral to be subject to a lien, security interest, encumbrance, or charge, other than the security interested established by this Agreement, without the prior written consent of the Secured Party.

Maintenance of Collateral. Debtor agrees to maintain all tangible Collateral in good condition and repair, and not to commit or permit damage to or destruction of the Collateral or any part of the Collateral. Secured Party and his designated representatives and agents shall have the right at all reasonable times to examine, inspect, and audit the Collateral wherever located. Debtor shall immediately notify Secured Party of all cases involving the return, rejection, repossession, loss, or damage of or to the Collateral; of all requests for credit or adjustment of Collateral, or dispute arising with respect to the Collateral; and generally of all happenings and events affecting the Collateral or the value or the amount of the Collateral.

Compliance with Law. Debtor shall comply promptly with all laws, ordinances, and regulations of all governmental authorities applicable to the production, disposition, or use of the Collateral. Debtor may contest in good faith any such law, ordinance, or regulation without compliance during a proceeding, including appropriate appeals, so long as Secured Party's interest in the Collateral, in Secured Party's opinion, is not jeopardized. Secured Party may, at his option, intervene in any situation that appears to place the Collateral in jeopardy.

Public Disputes. Debtor agrees to pay all applicable taxes, assessments, and liens upon the Collateral when due; provided that such taxes, assessments, and liens are proved to be superior to the lawful claim established by this Agreement and subsequently perfected by the Secured Party by appropriate registration. In the event Debtor elects to dispute such taxes, assessments, and liens, Secured Party's interest must be protected at all times, at the sole opinion of the Secured Party, who may, at his option, intervene in any situation that appears to jeopardize Secured Party's interest in the Collateral. Debtor may elect to continue pursuit of dispute of such taxes, assessments, and liens, only upon production of a surety bond by public claimant(s), in favor of the Secured Party, sufficient to protect Secured Party from loss, including all costs and fees associated with such dispute. Should public judgment against the Debtor result from such dispute, Debtor agrees to satisfy such judgment from its accounts established and managed by the United States or its subdivisions, agents, officers, or affiliates, so as not to adversely affect the Secured Party's interest in the Collateral.

Indemnification. Debtor hereby indemnifies Secured Party from all harm as expressed in the attached Indemnity Bond, incorporated herein as if fully set forth within this Security Agreement.

## SUBORDINATION OF DEBTOR'S DEBTS TO SECURED PARTY

Providing Secured Party, subsequent to the execution of this Agreement, perfects his security interest in the Collateral by appropriate registration, Debtor agrees that its indebtedness to the Secured Party, whether now existing or hereafter created, shall have priority over unregistered claims that third parties may raise against Debtor or the Collateral, whether or not Debtor becomes insolvent. Debtor hereby expressly subordinates any claim Debtor may have against Secured Party, upon any account whatsoever, to the claim Secured Party has or will have against the Debtor.

If Secured Party so requests, all notes or credit agreements now or hereafter established evidencing debts or obligation of Debtor to third parties, shall be marked with a legend that the same are subject to this Agreement and shall be delivered to Secured Party. Debtor agrees, and Secured Party hereby is authorized, in the name of the Debtor, to execute and file such financing statements and other commercial statements, as Secured Party deems necessary or appropriate to perfect, preserve, and enforce his rights under this Agreement.

### DEFAULT

The following shall constitute Event(s) of Default hereunder:

1. failure by the Debtor to pay a debt secured hereby when due;

2. failure by the Debtor to perform an obligation secured hereby when required to be performed;

3. breach by the Debtor of a warranty contained in this Agreement;

4. evidence that a statement, warranty, or representation made or implied in this Agreement by Debtor, is false or misleading in any material respect, either now or at the time made or furnished;

5. evidence that this Agreement or a document of title is void or ineffective;

6. dissolution or termination of Debtor's existence as a legal entity, the insolvency of Debtor, the appointment of a receiver for all or any portion of Debtor's property, an assignment for the benefit of public creditors, or the commencement of proceedings under bankruptcy or insolvency laws by or against Debtor;

7. commencement of foreclosure, whether by action of a tribunal, self-help, repossession, or other method, by a creditor of Debtor against the Collateral;

8. garnishment of Debtor's deposit accounts or employment.

Cure of Default. If a fault or dishonor under this Agreement is curable through an account held by Debtor but managed by the United States or one of its subdivisions, agents, officers, or affiliates, such fault or dishonor may be cured by the Debtor with authorization by Secured Party; and upon advice by the fiduciary that the fault or dishonor has been cured, and no Event of Default will have occurred. A dishonor under this Agreement, initiated by third party intervention, will not cause a default if such intervention is challenged by Debtor by its good faith effort to confirm or disprove the validity or reasonableness of a public claim which is the basis of the public creditor's proceeding; but Debtor must, in that event, deposit such surety with Secured Party as is necessary to indemnify the Secured Party from loss.

Acceleration. In the Event of Default, Secured Party may declare the entire indebtedness, immediately due and payable without notice.

Liquidation of Collateral. In the Event of Default, Secured Party shall have full power to privately or publicly sell, lease, transfer, or otherwise deal with the Collateral or proceeds or products therefrom, in his own name or in the name of the Debtor. All expenses related to the liquidation of Collateral shall become a part of the Debtor's indebtedness. Secured Party may, at his discretion, transfer part or all of the Collateral to his own name or to the name of his nominee.

Rights and Remedies. The Secured Party shall have all the rights and remedies of a secured creditor under the provisions of the Uniform Commercial Code as it has been adopted in the State where part or all of the Collateral is located or presumed to be located, including but not limited to, the right to proceed with self-help with or without a public court or tribunal. Rights and remedies available to Secured Party may be exercised singularly or jointly and in all venues and jurisdictions concurrently at the sole discretion of the Secured Party.

## MISCELLANEOUS PROVISIONS

Amendments. This Agreement, together with all related documents, constitutes the entire understanding and agreement of the Parties as to the matters set forth in this Agreement. No alteration of or amendment to this Agreement shall be effective unless expressed in writing and signed by both Parties.

Applicable Law. The governing law of this Agreement is the agreement of the Parties, supported by the Uniform Commercial Code as adopted by the legislature of the State of North Carolina, international contract law, the unwritten Law Merchant as practiced before the Uniform Commercial Code was promulgated, and applicable maxims of law. Expenses. Debtor agrees to pay upon demand, from such accounts as Debtor may have,

all Secured Party's costs and expenses, including reasonable attorney's fees and other expenses incurred by the Secured Party to defend or enforce the provisions of this Agreement.

Indebtedness. The word "indebtedness" means the indebtedness evidenced by this Agreement as a claim against the Debtor and all its present and future possessions identified in this Agreement as Collateral; and all public obligations, debts, and liabilities ascribed to Debtor through its contracts and agreements, whether expressed or implied, known or unknown, or actual or constructive, that are with the United States or its subdivisions, agents, officers, affiliates, or other public entities; and all claims made by Secured Party against Debtor, whether existing now or in the future, whether they are voluntary or involuntary, due or not due, direct or indirect, absolute or contingent, liquidated or un-liquidated, regardless of whether Debtor is or may be liable individually or jointly, or is obligated as, or beneficiary of, a surety or accommodation party.

Related Documents. The phrase "related documents" means all promissory notes, credit agreements, loan agreements, guaranties, security agreements, mortgages, deeds of trust, applications, accounts, licenses, policies, permits, identification cards, account cards, receipts, forms, and all other documents and instruments that Debtor or its previous surety has or will execute in connection with the Debtor's total indebtedness.

Notices. Except for revocation notices by Debtor, all notices required to be given by either Party under this Agreement, shall be in writing and shall be effective when actually delivered or when deposited with the United States post office or a nationally recognized courier service, first class postage prepaid, addressed to the Party to whom the notice is to be given at the address shown on this Agreement or to such other address as either Party may designate to the other in writing.

Severability. If one or more provisions of this Agreement shall be held to be invalid or unenforceable for any reason, the remaining provisions shall continue to be valid and enforceable. If a qualified court finds that one or more provisions of this Agreement is invalid or unenforceable, but that by limiting such provision(s) it would become valid or enforceable, such provision(s) shall be deemed to be written, construed, and enforced as so limited. In the event that such a finding and limitation causes damage or hardship to either Party, the Agreement shall be amended in a lawful manner to make all Parties whole.

Waiver of Contractual Right. The failure of either Party to enforce one or more provisions of this Agreement shall not be construed as a waiver or limitation of that Party's right to subsequently enforce and compel strict compliance with every provision of this Agreement. Secured Party shall not be deemed to have waived rights under this Agreement unless such waiver is given in writing and signed by Secured Party. No delay or omission on the part of Secured Party in exercising a right shall operate as a waiver of such right or any other right. A waiver by Secured Party of a provision of this Agreement shall not prejudice or constitute a waiver of Secured Party's right otherwise to demand strict compliance with that provision or any other provision of this Agreement. Neither

prior waiver by Secured Party, nor any course of dealing between Secured Party and Debtor shall constitute a waiver of Secured Party's rights or of Debtor's obligations under this Agreement as to future transactions. Whenever the consent of Secured Party is required under this Agreement, the granting of such consent by Secured Party in one instance shall not constitute consent over the whole.

Ambiguities and Interpretation. Each Party acknowledges receipt of this Agreement and has had the opportunity to have counsel review it, and that any rule of construction claiming ambiguities are to be resolved against the drafting Party, shall not apply in the interpretation of this Agreement or its amendments. All statements in this instrument are important to the Parties. Misunderstandings have been resolved prior to execution.

Authority to Represent. A signer of this Agreement on behalf of a legal entity certifies that he has the authority to sign this Agreement and that this transaction has been duly authorized by such entity.

Gender. All references within this Agreement to a specific gender, include the other.

SIGNATURES

Secured Party accepts all signatures in accord with the Uniform Commercial Code and acknowledges Debtor's signature as representative of all derivations thereof.

*KENETH P CRAWFORD*
CRAWFORD JR, KENNETH P
a Legal Entity

*Without Prejudice*
Kenneth Paul Junior; Crawford
Child of God, a man

See attached: Schedule A and Indemnity Bond Page



# BUSINESS TRADE NAME CERTIFICATE

*State of New Jersey - County of Atlantic*

This is to certify that:

Crawford Jr. Kenneth Paul

*Is (are) conducting a business __under the trade name of__:*

KENNETH P CRAWFORD JR

**Business Address below**

c/o: 101 S. Raleigh ave. #424

Atlantic City, N.J 08401

**Indicate the general type (nature) of your business here:** Education

*Indicate below the full names and residence addresses of __ALL persons and/or members__ of such business or partnership.*

*NOTE: __All names listed on this Trade Name Certificate__ ARE REQUIRED BY LAW __to sign this document and have it__ duly __acknowledged in writing, in the presence of a Notary Public, Attorney-at-Law, or the County Clerk.__*

PLEASE PRINT NAME and RESIDENCE ADDRESS BELOW:

Crawford Jr., Kenneth Paul

101 S. Raleigh Ave. #424, Atlantic City, New Jersey 08401

x _(signature)_

**Business owner(s) sign above**

609-553-9870
Contact Phone Number

*Any ADDITIONAL partners/owners Sign below:*

NOTARY PUBLIC ACKNOWLEDGEMENT SECTION:
ALL SIGNERS MUST BE ACKNOWLEDGED

On this 30 day of November 20 15

Kenneth P Crawford Jr.

*Personally appeared and signed this in my presence.*

_(signature)_

SIGNATURE OF NOTARY PUBLIC
*Notary please place your stamp-seal-expiration-and jurisdiction below*

ALEJANDRA SOLANO
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires February 26, 2018

**RECEIVED ATLANTIC COUNTY**
**COUNTY CLERK**
2015 DEC -8 P 3: 10

*CERTIFIED TRADENAME COPY*
EDWARD P. McGETTIGAN
ATANTIC COUNTY CLERK

Non-residents of the State of New Jersey do appoint the County Clerk of Atlantic County and his successor in office, our true and lawful attorney, upon whom all original process in any legal proceedings against said firm or partnership may be served, and hereby agree that such original process which may be served on such County Clerk may be of same force and validity as if served upon said nonresident partner or partners, the authority hereby granted shall continue in force so long as the firm or partnership does business in the State of New Jersey under said name.

19000273-3

# United States of America



## DEPARTMENT OF STATE

### *To all to whom these presents shall come, Greetings:*

I Certify That the document hereunto annexed is under the Seal of the State(s) of New Jersey, and that such Seal(s) is/are entitled to full faith and credit.*

*\*For the contents of the annexed document, the Department assumes no responsibility*
*This certificate is not valid if it is removed or altered in any way whatsoever*

In testimony whereof, I, Michael R. Pompeo, Secretary of State, have hereunto caused the seal of the Department of State to be affixed and my name subscribed by the Assistant Authentication Officer, of the said Department, at the city of Washington, in the District of Columbia, this second day of October, 2018.

*Issued pursuant to CHXIV, State of Sept. 15, 1789, 1 Stat. 68-69; 22 USC 2657; 22 USC 2651a; 5 USC 301; 28 USC 1733 et. seq.; 8 USC 1443(f); RULE 44 Federal Rules of Civil Procedure.*

_____
Secretary of State

By _____
Assistant Authentication Officer,
Department of State

I, THE TREASURER OF THE STATE OF NEW JERSEY, DO HEREBY
CERTIFY THAT

JOSEPH A KOMOSINSKI

WHO HATH SIGNED THE FOREGOING CERTIFICATE, WAS, AT
THE DOING THEREOF, AND NOW IS

STATE REGISTRAR

IN AND FOR THE STATE OF NEW JERSEY DULY APPOINTED,
AND SWORN ACCORDING TO LAW, AND THAT FULL FAITH AND
CREDIT ARE TO BE GIVEN TO THE OFFICIAL ATTESTATIONS;
AND I FURTHER CERTIFY, THAT THE SEAL THERETO ANNEXED
IS THE OFFICIAL SEAL, AND THAT THE SAID SIGNATURE
IS IN THE PROPER HANDWRITING OF THE SAID
JOSEPH A KOMOSINSKI.



IN TESTIMONY WHEREOF, I HAVE
HEREUNTO SET MY HAND AND AFFIXED
MY OFFICIAL SEAL AT TRENTON, THIS
17TH DAY OF SEPTEMBER A.D. 2018

Elizabeth Maher Muoio
State Treasurer

Certificate Number: 140840412
Verify this certificate at
https://www1.state.nj.us/TYTR_StandingCert/JSP/Verify_Cert.jsp



19000273-1

O

# United States of America



## DEPARTMENT OF STATE

## *To all to whom these presents shall come, Greetings:*

I Certify That the document hereunto annexed is under the Seal of the State(s) of New Jersey, and that such Seal(s) is/are entitled to full faith and credit.*

> *\*For the contents of the annexed document, the Department assumes no responsibility*
> *This certificate is not valid if it is removed or altered in any way whatsoever*

In testimony whereof, I, Michael R. Pompeo, Secretary of State, have hereunto caused the seal of the Department of State to be affixed and my name subscribed by the Assistant Authentication Officer, of the said Department, at the city of Washington, in the District of Columbia, this second day of October, 2018.

*Issued pursuant to CHXIV. State of Sept. 15, 1789, 1 Stat. 68-69; 22 USC 2657, 22USC 2651a; 5 USC 301; 28 USC 1733 et. seq.; 8 USC 1443(f); RULE 44 Federal Rules of Civil Procedure*

Secretary of State

By

Assistant Authentication Officer, Department of State

I, **THE TREASURER OF THE** STATE OF NEW JERSEY, DO HEREBY **CERTIFY THAT**

VINCENT T ARRISI

WHO HATH SIGNED THE FOREGOING CERTIFICATE, WAS, AT THE DOING THEREOF, AND NOW IS

STATE REGISTRAR

IN AND FOR THE STATE OF NEW JERSEY DULY APPOINTED,

AND SWORN ACCORDING TO LAW, AND THAT FULL FAITH AND CREDIT ARE TO BE GIVEN TO THE OFFICIAL ATTESTATIONS; AND I FURTHER CERTIFY, THAT THE SEAL THERETO ANNEXED IS THE OFFICIAL SEAL, AND THAT THE SAID SIGNATURE IS IN THE PROPER HANDWRITING OF THE SAID

VINCENT T ARRISI.



IN TESTIMONY WHEREOF, I HAVE HEREUNTO SET MY HAND AND AFFIXED MY OFFICIAL SEAL AT TRENTON, THIS 17TH DAY OF SEPTEMBER A.D. 2018

Elizabeth Maher Muoio
State Treasurer

Certificate Number: 140840917
Verify this certificate at
https://www1.state.nj.us/TYTR_StandingCert/JSP/Verify_Cert.jsp

# CERTIFICATE OF BIRTH

KENNETH PAUL CRAWFORD JR

SEX
MALE

FEBRUARY 5, 1968

PLELIE LAWRENCE

KENNETH CRAWFORD

PLACE OF BIRTH
JERSEY CITY

COUNTY OF BIRTH
HUDSON

FILE NUMBER
19680012304

117 Liberty Court
Galloway, New Jersey

 

U.S. POSTAGE PAID
FCM LG ENV
PLEASANTVILLE, NJ
08232
OCT 15, 18
AMOUNT
**$2.05**
R2304M114672-08

1000        08101

RECEIVED

OCT 17 2018

AT 8:30_____M
WILLIAM T WALSH. CLERK

U.S. Dist. Court Camden
c/o Court Clerk
P.O. Box 2797
Camden, New Jersey
(08101)

**RECEIVED**

OCT 17 2018

AT 8:30_____M
WILLIAM T. WALSH. CLERK









U.S. District Court

c/o Clerk

P.O. Box 2797

Camden, New Jersey

(08101)

U.S. POSTAGE PAID
FCM LET ENV
MOUNT HOLLY, NJ
AUG. 06, 18
AMOUNT
$2.05
R2305M1482D6-10

1000

08101