**Barker Christina**

| | |
|---|---|
| **From:** | Ken Crawford <Crawfordgroup@comcast.net> |
| **Sent:** | Sunday, June 22, 2014 5:01 PM |
| **To:** | scottcyn@optonline.net |
| **Subject:** | For court hearing tomorro |
| **Attachments:** | MEMORANDUM OF LAW NEW JERSEY.docx; Document9.docx |

Mr. and Mrs. Scott

This is why you are going to the hearing tomorrow. Read is over and over and don't get off track. I want you to submit the Memorandum of Law to the court clerk and the banks attorney before the hearing. Remember IT HAS BEEN PAID AND THEY HAVE NO EVIDENCE OTHERWISE SO DO NOT CAVE!

Ken Crawford Jr.
Be Love Today

609.553.9970

Notice of Confidentiality - This electronic mail message originates from  Kenneth Paul Crawford Jr. This message and any files or attachments transmitted with it are PRIVATE AND CONFIDENTIAL and intended only for the named recipient. Both the email message and any attachments have been transmitted based on a reasonable expectation of privacy. Any disclosure, distribution, copying, or use of this information by anyone other than the intended recipient, regardless of address or routing, is strictly prohibited. If you receive this in error, please advise the sender by immediate reply and delete the original message and any attachments immediately.

Government Exhibit
D

Government Exhibit
171-D

SCOTT-000253

## **COURT HEARING**

- Richard is there to request a continuance in light of the Memorandum of Law & Private Record of Settlement.

- The Plaintiff has shown good cause why the matter should not be continued.

- The Plaintiffs' counsel has not agreed to the continuance as per the request dated 20 June 2014 in which there was no response.

- Won't disallowing the continuance be a denial of Substantive (issues involve the states' power to regulate certain activities.) and Procedural Due Process (issues involve an analysis of the procedure required by the Constitution when states seek to deprive people of life, liberty or property.) and equal protection of law?

- There will be a record of settlement admissible to this court under seal of the Secretary of State.

SCOTT-000254

## **MEMORANDUM OF LAW**

New Jersey Statutes
RULE 802. HEARSAY RULE Hearsay is not admissible except as provided by these rules or by other law.
RULE 803. HEARSAY EXCEPTIONS NOT DEPENDENT ON DECLARANT'S UNAVAILABILITY The following statements are not excluded by the hearsay rule: (a) Prior statements of witnesses. A statement previously made by a person who is a witness at a trial or hearing, provided it would have been admissible if made by the declarant while testifying and the statement:

(6)  Records of regularly conducted activity. --A statement contained in a writing or other record of acts, events, conditions, and, subject to Rule 808, opinions or diagnoses, made at or near the time of observation by a person with actual knowledge or from information supplied by such a person, if the writing or other record was made in the regular course of business and it was the regular practice of that business to make it, unless the sources of information or the method, purpose or circumstances of preparation indicate that it is not trustworthy. (a)  A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinion, or diagnosis, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity and if it was the regular practice of that business activity to make such memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, or as shown by a certification or declaration that complies with paragraph (c) and s. 90.902(11), unless the sources of information or other circumstances show lack of trustworthiness. The term "business" as used in this paragraph includes a business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit.

(8)  Public records, reports, and findings. --Subject to Rule 807, (A) a statement contained in a writing made by a public official of an act done by the official or an act, condition, or event observed by the official if it was within the scope of the official's duty either to perform the act reported or to observe the act, condition, or event reported and to make the written statement, or (B) statistical findings of a public official based upon a report of or an investigation of acts, conditions, or events, if it was within the scope of the official's duty to make such statistical findings, unless the sources of information or other circumstances indicate that such statistical findings are not trustworthy.

(14)  Records of documents affecting an interest in property. --Subject to Rule 807, the record of a document purporting to establish or affect an interest in property, as proof of the content of the original recorded document and its execution and delivery by each person by whom it purports to have been executed, if the record is a record of a public office and an applicable statute authorized the recording of documents of that kind in that office.

Rule 902. Self-Authentication

(c) Foreign public documents. --A document purporting to be executed or attested in an official capacity by a person authorized by the laws of a foreign country to make the execution or attestation, provided that either an apostille is affixed to the document certifying its genuineness pursuant to international agreement to which the United States is a party or the document is accompanied by a final certification as to the genuineness of the signature and official position (1) of the executing or attesting person, or (2) of any foreign official whose certificate of genuineness of signature and official position relates to the execution or attestation or is in a chain of certificates of genuineness of signature and official position relating to the execution or attestation. A final certification may be made by a secretary of embassy or legation, consul general, consul, vice consul, or consular agent of the United States, or a diplomatic or consular official of the foreign country assigned or accredited to the United States. If reasonable opportunity has been given to all parties to investigate the authenticity and accuracy of official documents, the court may, for good cause shown, order that they be treated as presumptively authentic without final certification or permit them to be evidenced by an attested summary with or without final certification.

(d) Certified copies of public records. --A copy of an official record or report or entry therein, or of a document authorized by law to be recorded or filed and actually recorded or filed in a public office, including data compilations in any form, certified as correct by the custodian or other person authorized to make the certification, by certificate complying with paragraph (a), (b), or (c) of this rule or complying with any law or rule of court.

(h) Acknowledged documents. --Documents accompanied by a certificate of acknowledgment executed in the manner provided by law by a notary public or other officer authorized by law to take acknowledgments.

(i) Commercial paper and related documents. --Commercial paper, signatures thereon, and documents relating thereto to the extent provided by applicable commercial law.

*12A:3-104. Negotiable instrument*
*a. Except as provided in subsections c. and d. of this section, "negotiable instrument" means an unconditional promise or order to pay a fixed amount of money, with or without interest or other charges described in the promise or order, if it:*

*(1) is payable to bearer or to order at the time it is issued or first comes into possession of a holder;*

*(2) is payable on demand or at a definite time; and*

*(3) does not state any other undertaking or instruction by the person promising or ordering payment to do any act in addition to the payment of money, but the promise or*

*order may contain an undertaking or power to give, maintain, or protect collateral to secure payment, an authorization or power to the holder to confess judgment or realize on or dispose of collateral, or a waiver of the benefit of any law intended for the advantage or protection of an obligor.*

*b. "Instrument" means a negotiable instrument.*

*12A:3-501. Presentment*
*a. "Presentment" means a demand made by or on behalf of a person entitled to enforce an instrument to pay the instrument made to the drawee or a party obliged to pay the instrument or, in the case of a note or accepted draft payable at a bank, to the bank, or to accept a draft made to the drawee.*

*b. The following rules are subject to chapter 4, agreement of the parties, and clearing-house rules and the like:*

*(1) Presentment may be made at the place of payment of the instrument and must be made at the place of payment if the instrument is payable at a bank in the United States; may be made by any commercially reasonable means, including an oral, written, or electronic communication; is effective when the demand for payment or acceptance is received by the person to whom presentment is made; and is effective if made to any one of two or more makers, acceptors, drawees, or other payors.*

*(2) Upon demand of the person to whom presentment is made, the person making presentment must exhibit the instrument, give reasonable identification and, if presentment is made on behalf of another person, reasonable evidence of authority to do so, and sign a receipt on the instrument for any payment made or surrender the instrument if full payment is made.*

*(3) Without dishonoring the instrument, the party to whom presentment is made may return the instrument for lack of a necessary indorsement, or refuse payment or acceptance for failure of the presentment to comply with the terms of the instrument, an agreement of the parties, or other applicable law or rule.*

*(4) The party to whom presentment is made may treat presentment as occurring on the next business day after the day of presentment if the party to whom presentment is made has established a cut-off hour not earlier than 2 p.m. for the receipt and processing of instruments presented for payment or acceptance and presentment is made after the cut-off hour.*

*12A:3-501. Presentment*
*a. "Presentment" means a demand made by or on behalf of a person entitled to enforce an instrument to pay the instrument made to the drawee or a party obliged to pay the instrument or, in the case of a note or accepted draft payable at a bank, to the bank, or to accept a draft made to the drawee.*

*b. The following rules are subject to chapter 4, agreement of the parties, and clearing-house rules and the like:*

*(1) Presentment may be made at the place of payment of the instrument and must be made at the place of payment if the instrument is payable at a bank in the United States; may be made by any commercially reasonable means, including an oral, written, or electronic communication; is effective when the demand for payment or acceptance is received by the person to whom presentment is made; and is effective if made to any one of two or more makers, acceptors, drawees, or other payors.*

*(2) Upon demand of the person to whom presentment is made, the person making presentment must exhibit the instrument, give reasonable identification and, if presentment is made on behalf of another person, reasonable evidence of authority to do so, and sign a receipt on the instrument for any payment made or surrender the instrument if full payment is made.*

*(3) Without dishonoring the instrument, the party to whom presentment is made may return the instrument for lack of a necessary indorsement, or refuse payment or acceptance for failure of the presentment to comply with the terms of the instrument, an agreement of the parties, or other applicable law or rule.*

*(4) The party to whom presentment is made may treat presentment as occurring on the next business day after the day of presentment if the party to whom presentment is made has established a cut-off hour not earlier than 2 p.m. for the receipt and processing of instruments presented for payment or acceptance and presentment is made after the cut-off hour.*

*12A:3-502. Dishonor*
*a. Dishonor of a note is governed by the following rules:*

*(1) If the note is payable on demand, the note is dishonored if presentment is duly made to the maker and the note is not paid on the day of presentment.*

*(2) If the note is not payable on demand and is payable at or through a bank or the terms of the note require presentment, the note is dishonored if presentment is duly made and the note is not paid on the day it becomes payable or the day of presentment, whichever is later.*

*(3) If the note is not payable on demand and paragraph (2) does not apply, the note is dishonored if it is not paid on the day it becomes payable.*

*b. Dishonor of an unaccepted draft other than a documentary draft is governed by the following rules:*

*(1) If a check is duly presented for payment to the payor bank otherwise than for immediate payment over the counter, the check is dishonored if the payor bank makes timely return of the check or sends timely notice of dishonor or nonpayment under 12A:4-301 or 12A:4-302, or becomes accountable for the amount of the check under 12A:4-302.*

*(2) If a draft is payable on demand and paragraph (1) does not apply, the draft is dishonored if presentment for payment is duly made to the drawee and the draft is not paid on the day of presentment.*

*(3) If a draft is payable on a date stated in the draft, the draft is dishonored if presentment for payment is duly made to the drawee and payment is not made on the day the draft becomes payable or the day of presentment, whichever is later, or presentment for acceptance is duly made before the day the draft becomes payable and the draft is not accepted on the day of presentment.*

*(4) If a draft is payable on elapse of a period of time after sight or acceptance, the draft is dishonored if presentment for acceptance is duly made and the draft is not accepted on the day of presentment.*

*c. Dishonor of an unaccepted documentary draft occurs according to the rules stated in paragraphs (2), (3) and (4) of subsection b. of this section, except that payment or acceptance may be delayed without dishonor until no later than the close of the third business day of the drawee following the day on which payment or acceptance is required by those paragraphs.*

*d. Dishonor of an accepted draft is governed by the following rules:*

*(1) If the draft is payable on demand, the draft is dishonored if presentment for payment is duly made to the acceptor and the draft is not paid on the day of presentment.*

*(2) If the draft is not payable on demand, the draft is dishonored if presentment for payment is duly made to the acceptor and payment is not made on the day it becomes payable or the day of presentment, whichever is later.*

*e. In any case in which presentment is otherwise required for dishonor under this section and presentment is excused under 12A:3-504, dishonor occurs without presentment if the instrument is not duly accepted or paid.*

*f. If a draft is dishonored because timely acceptance of the draft was not made and the person entitled to demand acceptance consents to a late acceptance, from the time of acceptance the draft is treated as never having been dishonored.*

*12A:3-503. Notice of dishonor*
*a. The obligation of an indorser stated in subsection a. of 12A:3-415 and the obligation of a drawer stated in subsection d. of 12A:3-414 may not be enforced unless the indorser or drawer is given notice of dishonor of the instrument complying with this section or notice of dishonor is excused under subsection b. of 12A:3-504.*

*b. Notice of dishonor may be given by any person; may be given by any commercially reasonable means, including an oral, written, or electronic communication; and is sufficient if it reasonably identifies the instrument and indicates that the instrument has been dishonored or has not been paid or accepted. Return of an instrument given to a bank for collection is sufficient notice of dishonor.*

*c. Subject to subsection c. of 12A:3-504, with respect to an instrument taken for collection by a collecting bank, notice of dishonor must be given by the bank before midnight of the next banking day following the banking day on which the bank receives notice of dishonor of the instrument, or by any other person within 30 days following the day on which the person receives notice of dishonor. With respect to any other instrument, notice of dishonor must be given within 30 days following the day on which dishonor occurs.*

*12A:3-504. Excused presentment and notice of dishonor*
*a. Presentment for payment or acceptance of an instrument is excused if the person entitled to present the instrument cannot with reasonable diligence make presentment, the maker or acceptor has repudiated an obligation to pay the instrument or is dead or in insolvency proceedings, by the terms of the instrument presentment is not necessary to enforce the obligation of indorsers or the drawer, the drawer or indorser whose obligation is being enforced has waived presentment or otherwise has no reason to expect or right to require that the instrument be paid or accepted, or the drawer instructed the drawee not to pay or accept the draft or the drawee was not obligated to the drawer to pay the draft.*

*b. Notice of dishonor is excused if by the terms of the instrument notice of dishonor is not necessary to enforce the obligation of a party to pay the instrument, or the party whose obligation is being enforced waived notice of dishonor. A waiver of presentment is also a waiver of notice of dishonor.*

*c. Delay in giving notice of dishonor is excused if the delay was caused by circumstances beyond the control of the person giving the notice and the person giving the notice exercised reasonable diligence after the cause of the delay ceased to operate.*

*12A:3-601. Discharge and effect of discharge*
*a. The obligation of a party to pay the instrument is discharged as stated in this chapter or by an act or agreement with the party which would discharge an obligation to pay money under a simple contract.*

*b. Discharge of the obligation of a party is not effective against a person acquiring rights of a holder in due course of the instrument without notice of the discharge.*

**12A:3-602. Payment**
*a. Subject to subsection b. of this section, an instrument is paid to the extent payment is made by or on behalf of a party obliged to pay the instrument, and to a person entitled to enforce the instrument. To the extent of the payment, the obligation of the party obliged to pay the instrument is discharged even though payment is made with knowledge of a claim to the instrument under 12A:3-306 by another person.*

*b. The obligation of a party to pay the instrument is not discharged under subsection a. of this section if:*

*(1) a claim to the instrument under 12A:3-306 is enforceable against the party receiving payment and payment is made with knowledge by the payor that payment is prohibited by injunction or similar process of a court of competent jurisdiction, or in the case of an instrument other than a cashier's check, teller's check, or certified check, the party making payment accepted, from the person having a claim to the instrument, indemnity against loss resulting from refusal to pay the person entitled to enforce the instrument; or*

*(2) the person making payment knows that the instrument is a stolen instrument and pays a person it knows is in wrongful possession of the instrument.*

**12A:3-603. Tender of payment**
*a. If tender of payment of an obligation to pay an instrument is made to a person entitled to enforce the instrument, the effect of tender is governed by principles of law applicable to tender of payment under a simple contract.*

*b. If tender of payment of an obligation to pay an instrument is made to a person entitled to enforce the instrument and the tender is refused, there is discharge, to the extent of the amount of the tender, of the obligation of an indorser or accommodation party having a right of recourse with respect to the obligation to which the tender relates.*

*c. If tender of payment of an amount due on an instrument is made to a person entitled to enforce the instrument, the obligation of the obligor to pay interest after the due date on the amount tendered is discharged. If presentment is required with respect to an instrument and the obligor is able and ready to pay on the due date at every place of payment stated in the instrument, the obligor is deemed to have made tender of payment on the due date to the person entitled to enforce the instrument.*

**12A:3-604. Discharge by cancellation or renunciation**
*a. A person entitled to enforce an instrument, with or without consideration, may discharge the obligation of a party to pay the instrument by an intentional voluntary act, such as surrender of the instrument to the party, destruction, mutilation, or*

*cancellation of the instrument, cancellation or striking out of the party's signature, or the addition of words to the instrument indicating discharge, or by agreeing not to sue or otherwise renouncing rights against the party by a signed writing.*

*b. Cancellation or striking out of an indorsement pursuant to subsection a. of this section does not affect the status and rights of a party derived from the indorsement.*

And finally with no controversy remaining this court shall dismiss the matter immediately.