2017R00153

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Crim. No. 18-505 (RBK) |
| v. | : | HON. ROBERT KUGLER |
| KENNETH CRAWFORD JR. | : | |

### UNITED STATES' PROPOSED JURY INSTRUCTIONS

Pursuant to Fed. R. Crim P. 30, the United States requests that the Court charge the jury in this case in accordance with the enclosed instructions.    The United States respectfully reserves the right to supplement, modify, or withdraw these requests for instructions in light of the requests for instruction, if any, filed by the defendant and the evidence in this case.

Respectfully submitted by:

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General
U.S. Department of Justice, Tax Division


  /s/Sean M. Green
SEAN GREEN
Trial Attorney
JOHN KANE
Assistant Chief
U.S. Department of Justice
Tax Division, Northern Criminal Enforcement
(202) 307-2554
Sean.M.Green@usdoj.gov
John.N.Kane@usdoj.gov

1

**PRELIMINARY INSTRUCTIONS TO THE JURY PANEL**

**INSTRUCTION 1: Preliminary Instructions to Jury Panel**

I am Judge Robert Kugler, the trial judge in this case. You have been called to this courtroom as a panel of prospective jurors for the case of *United States v. Kenneth Crawford Jr.* This is a criminal case in which Kenneth Crawford Jr. is charged with committing the crimes of conspiring to defraud the United States, making or presenting false, fictitious, or fraudulent claims to a department of the United States, and obstructing or impeding the due administration of the internal revenue laws, all in violation of federal criminal law.

From this panel we will select the jurors who will sit on the jury that will decide this case. We will also select alternate jurors, who will be part of this trial and available in the event that one of the regular jurors becomes ill or is otherwise unable to continue on the jury.

We rely on juries in this country to decide cases tried in our courts, so service on a jury is an important duty of citizenship.   Jurors must conduct themselves with honesty, integrity, and fairness.

Under our system of justice, the role of the jury is to find the facts of the case based on the evidence presented in the trial.   That is, from the evidence seen and heard in court, the jury decides what the facts are, and then applies to those facts the law that I will give in my instructions to the jury.   My role as the trial judge is to make whatever legal decisions must be made during the trial and to explain to the jury the legal principles that will guide its decisions.

We recognize that you are all here at some sacrifice.   However, we cannot excuse anyone merely because of personal inconvenience, unless serving on this jury would be a compelling

hardship.

In a few minutes you will be sworn to answer truthfully questions about your qualifications to sit as jurors in this case.   This questioning process is called the voir dire.   I will conduct the questioning, and the lawyers for the parties may also participate.   It is, of course, essential that you answer these questions truthfully; a deliberately untruthful answer could result in severe penalties.

The voir dire examination will begin with a brief statement about the particulars of this case.   The purpose of this statement is to tell you what the case is about and to identify the parties and their lawyers.

Questions will then be asked to find out whether any of you have any personal interest in this case or know of any reason why you cannot render a fair and impartial verdict.   We want to know whether you are related to or personally acquainted with any of the parties, their lawyers, or any of the witnesses who may appear during the trial, and whether you already know anything about this case.   Other questions will be asked to determine whether any of you have any beliefs, feelings, life experiences, or any other reasons that might influence you in rendering a verdict.

The questions are not intended to embarrass you.   If you have a response that you are uncomfortable sharing publicly, please let me know and I will see that you are questioned in private.   I also may decide on my own that questions should be asked in private.

After this questioning, some of you will be chosen to sit on the jury for this case.   If you are not chosen, you should not take it personally and you should not consider it a reflection on your ability or integrity.

There may be periods of silence during the voir dire process, when the lawyers and I are not

speaking openly.   During those times you may talk, but you must not talk about this case or about the voir dire questions and answers.1

---

1 3rd Circuit Model Jury Instructions, § 1.01 (2012).

**INSTRUCTION 2: Role of the Jury**

Now that you have been sworn, let me tell you what your role is as jurors in this case.

Under our system of justice, the role of the jury is to find the facts of the case based on the evidence presented in the trial. You must decide the facts only from the evidence presented to you in this trial.

From the evidence that you will hear and see in court, you will decide what the facts are and then apply to those facts the law that I will give to you in my final instructions.    That is how you will reach your verdict.

Whatever your verdict, it will have to be unanimous.    All of you will have to agree on it or there will be no verdict.    In the jury room you will discuss the case among yourselves, but ultimately each of you will have to make up his or her own mind.    Therefore, each of you has a responsibility which you cannot avoid and you should do your best throughout the trial to fulfill this responsibility.

I play no part in finding the facts.    You should not take anything I may say or do during the trial as indicating what I think of the evidence or about what your verdict should be.    My role is to make whatever legal decisions have to be made during the course of the trial and to explain to you the legal principles that must guide you in your decisions.

You must apply my instructions about the law.    Each of the instructions is important. You must not substitute your own notion or opinion about what the law is or ought to be.    You must follow the law that I give to you, whether you agree with it or not.

Perform these duties fairly and impartially.    Do not allow sympathy, prejudice, fear, or public opinion to influence you.    You should also not be influenced by any person's race, color,

religion, national ancestry, gender, profession, occupation, or economic circumstances.[2]

---

[2]  3rd Circuit Model Jury Instructions, § 1.02 (2012).

**INSTRUCTION 3: Conduct of the Jury**

Here are some important rules about your conduct as jurors:

(1) Keep an open mind.   Do not make up your mind about the verdict until you have heard all of the evidence, and I have given final instructions about the law at the end of the trial, and you have discussed the case with your fellow jurors during your deliberations.

  (2) Do not discuss the case among yourselves until the end of the trial when you retire to the jury room to deliberate.   You need to allow each juror the opportunity to keep an open mind throughout the entire trial.   During trial you may talk with your fellow jurors about anything else of a personal nature or of common interest.

(3) During the trial you should not speak to any of the parties, lawyers, or witnesses involved in this case, not even to pass the time of day.   If any lawyer, party, or witness does not speak to you when you pass in the hall, ride the elevator, or the like, remember it is because they are not supposed to talk or visit with you, either.

(4) Do not talk with anyone else or listen to others talk about this case until the trial has ended and you have been discharged as jurors.   It is important not only that you do justice in this case, but that you give the appearance of justice.   If anyone should try to talk to you about the case during the trial, please report that to me, through my courtroom deputy, immediately. Do not discuss this situation with any other juror.

(5) Do not discuss the case with anyone outside the courtroom or at home, including your family and friends.   You may tell your family or friends that you have been selected as a juror in a case and you may tell them how long the trial is expected to last.   However, you should

also tell them that the judge instructed you not to talk any more about the case and that they should not talk to you about it.    The reason for this is that sometimes someone else's thoughts can influence you.    Your thinking should be influenced only by what you learn in the courtroom.

(6) Until the trial is over and your verdict is announced, do not watch or listen to any television or radio news programs or reports about the case, or read any news or internet stories or articles about the case, or about anyone involved with it.

(7) Do not use a computer, cellular phone, other electronic devices or tools of technology while in the courtroom or during deliberations.    These devices may be used during breaks or recesses for personal uses, but may not be used to obtain or disclose information about this case. You may not communicate with anyone about the case on your cell phone, through e-mail, Blackberry, iPhone, text messaging, or on Twitter, through any blog or website, through any internet chat room, or by way of any other social networking websites, including Google+, Facebook, My Space, LinkedIn, and YouTube.    You may not use any similar technology of social media, even if I have not specifically mentioned it.

(8) Do not do any research or make any investigation on your own about any matters relating to this case or this type of case.    This means, for example, that you must not visit the scene, conduct experiments, consult reference works or dictionaries, or search the internet, websites or blogs for additional information, or use a computer, cellular phone, or other electronic devices or tools of technology, or any other method, to obtain information about this case, this type of case, the parties in this case, or anyone else involved in this case.    Please do not try to find out information from any source outside the confines of this courtroom.    You

must decide this case based only on the evidence presented in the courtroom and my instructions about the law.    It would be improper for you to try to supplement that information on your own.

(9) Finally, you should not concern yourselves with or consider the possible punishment that might be imposed if you return a verdict of guilty.[3]

---

[3]  3rd Circuit Model Jury Instructions, § 1.03 (2012).

**INSTRUCTION 4: Bench (Side-Bar) Conference**

During the trial it may be necessary for me to talk with the lawyers out of your hearing. That is called a bench or side-bar conference.    If that happens, please be patient.    We also ask that you advise me, through my courtroom deputy, if you are able to hear any of the bench or side-bar conferences, because the purpose is to hold these discussions outside the hearing of the jury, for important reasons.

I know you may be curious about what we are discussing.    We are not trying to keep important information from you.    These conferences are necessary for me to discuss with the lawyers objections to evidence and to be sure that evidence is presented to you correctly under the rules of evidence.    We will, of course, do what we can to keep the number and length of these conferences to a minimum.    If I think the conference will be long, I will call a recess.

I may not always grant a lawyer's request for a conference.    Do not consider my granting or denying a request for a conference as suggesting my opinion of the case or of what your verdict should be.

A white noise generator is installed over the jury box for use when the lawyers and I are speaking at the bench or at side-bar.    This machine neutralizes sound and prevents the jury from hearing what is said without requiring us to whisper.[4]

---

4  3rd Circuit Model Jury Instructions, § 1.04 (2012).

**INSTRUCTION 5: Note Taking by Jurors**

At the end of the trial you must make your decision based on what you remember of the evidence.    You will not have a written transcript of the testimony to review.    You must pay close attention to the testimony as it is given.

If you wish, you may take notes to help you remember what witnesses said.    My courtroom deputy will arrange for pens, pencils, and paper.    If you do take notes, please keep them to yourself until the end of trial when you and your fellow jurors go to the jury room to decide the case.    Here are some other specific points to keep in mind about note taking:

(1)    Note-taking is permitted, but it is not required.    You are not required to take notes. How many notes you want to take, if any, is entirely up to you.

(2)    Please make sure that note-taking does not distract you from your tasks as jurors. You must listen to all the testimony of each witness.    You also need to decide whether and how much to believe each witness.    That will require you to watch the appearance, behavior, and manner of each witness while he or she is testifying.    You cannot write down everything that is said and there is always a fear that a juror will focus so much on note-taking that he or she will miss the opportunity to make important observations.

(3)    Your notes are memory aids; they are not evidence.    Notes are not a record or written transcript of the trial.    Whether or not you take notes, you will need to rely on your own memory of what was said.    Notes are only to assist your memory; you should not be overly influenced by notes.

(4)    In your deliberations, do not give any more or less weight to the views of a fellow

11

juror just because that juror did or did not take notes.    Do not assume that just because something is in someone's notes that it necessarily took place in court.    It is just as easy to write something down incorrectly as it is to hear or remember it incorrectly.    Notes are not entitled to any greater weight than each juror's independent memory of the evidence.    You should rely on your individual and collective memories when you deliberate and reach your verdict.

(5)    You should not take your notes away from court. My staff is responsible for making sure that no one looks at your notes.    Immediately after you have finished your deliberations and I have accepted your verdict, my staff will collect and destroy your notes, to protect the secrecy of your deliberations.5

---

5  3rd Circuit Model Jury Instructions, § 1.05 (2012).

**INSTRUCTION 6: Description of Trial Proceedings**

The trial will proceed in the following manner:

First:   The lawyers and the defendant, who has chosen to represent himself, will have an opportunity to make opening statements to you.   The prosecutor may make an opening statement at the beginning of the case. The defendant may make an opening statement after the prosecutor's opening statement or the defendant may postpone the making of an opening statement until after the government finishes presenting its evidence.   The defendant is not required to make an opening statement.

The opening statements are simply an outline to help you understand what each party expects the evidence to show.   What is said in the opening statements is not itself evidence.

Second:   After opening statements, the government will introduce the evidence that it thinks proves the charges stated in the indictment.   The government will present witnesses and the defendant may cross-examine those witnesses.   The government may also offer documents and other exhibits into evidence.

Third:   After the government has presented its evidence, the defendant may present evidence, but he is not required to do so.   As I will tell you many times during this trial, the government always has the burden or obligation to prove each and every element of the offenses charged beyond a reasonable doubt.   The defendant is presumed to be innocent of the charges. The law never imposes on a defendant in a criminal case the burden of proving his innocence by calling any witnesses, producing any exhibits, or introducing any evidence.

Fourth:   After all of the evidence has been presented, the lawyers will have the opportunity to present closing arguments.   Closing arguments are designed to present to you the

13

parties' theories about what the evidence has shown and what conclusions may be drawn from the evidence.   What is said in closing arguments is not evidence, just as what is said in the opening statements is not evidence.

Fifth:   After you have heard the closing arguments, I will give you orally [and in writing] the final instructions concerning the law that you must apply to the evidence presented during the trial.   As I am doing now, I may also give you instructions on certain aspects of the law throughout the trial, as well as at the end of the trial.

Sixth:   After my final instructions on the law, you will retire to consider your verdict. Your deliberations are secret.   You will not be required to explain your verdict to anyone. Your verdict must be unanimous; all twelve of you must agree to it.

You must keep your minds open during this trial.   Do not make up your mind about any of the questions in this case until you have heard each piece of evidence and all of the law which you must apply to that evidence--in other words, until you begin your deliberations.6

---

6 3rd Circuit Model Jury Instructions, § 1.07 (2012).

14

**INSTRUCTION 7: Evidence (What is; is Not)**

You must make your decision in this case based only on the evidence that you see and hear in the courtroom.    Do not let rumors, suspicions, or anything else that you may see or hear outside of court influence your decision in any way.

The evidence from which you are to find the facts consists of the following:

(1) The testimony of the witnesses;

(2) Documents and other things received as exhibits; and

(3) Any fact or testimony that is stipulated; that is, formally agreed to by the parties.

The following are not evidence:

(1) Statements and arguments of the lawyers in this case and statements and arguments made by the defendant while representing himself;

(2) Questions by the lawyers and questions that I might ask.    You must not assume that a fact is true just because one of the lawyers or I ask a question about it.    It is the witness answers that are evidence.    Of course, you may need to consider the question to know what a witness means by his or her answer.    For example, if a witness answers yes to a question, you will have to consider the question to understand what the witness is saying.

(3) Objections, including objections in which the lawyers or parties state facts;

(4) Any testimony I strike or tell you to disregard; and

(5) Anything you may see or hear about this case outside the courtroom.

You should use your common sense in weighing the evidence.    Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves.    If your experience and common sense tell you that certain evidence reasonably leads

to a conclusion, you may reach that conclusion.

The rules of evidence control what can be received into evidence. When a lawyer or party asks a question or offers an exhibit into evidence, and a lawyer or party on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.   An objection simply means that the lawyer or party is asking me to decide whether the evidence should be allowed under the rules.   Lawyers have a responsibility to their clients to make objections when they think evidence being offered is improper under the rules of evidence.   You should not be influenced by the fact that an objection is made.

You should also not be influenced by my rulings on objections to evidence.   If I overrule an objection, the question may be answered or the exhibit may be received as evidence, and you should treat the testimony or exhibit like any other.   I may allow evidence (testimony or exhibits) only for a limited purpose.   If I do that, I will instruct you to consider the evidence only for that limited purpose, and you must follow that instruction.

If I sustain an objection, the question will not be answered or the exhibit will not be received as evidence.   Whenever I sustain an objection, you must disregard the question or the exhibit entirely.   Do not think about or guess what the witness might have said in answer to the question; do not think about or guess what the exhibit might have shown.   Sometimes a witness may have already answered before a lawyer objects or before I rule on the objection.   If that happens and if I sustain the objection, you should disregard the answer that was given.

Also, I may order that some testimony or other evidence be stricken or removed from the record.   If I do that, I will instruct you to disregard that evidence.   That means, when you are deciding the case, you must not consider or be influenced in any way by the testimony or other

16

evidence that I told you to disregard.

Although the lawyers may call your attention to certain facts or factual conclusions that they think are important, what the lawyers say is not evidence and is not binding on you.    It is your own recollection and interpretation of the evidence that controls your decision.    Also, do not assume from anything I do or say during the trial that I have any opinion about the evidence or about any of the issues in this case or about what your verdict should be.[7]

---

7  3rd Circuit Model Jury Instructions, § 1.08 (2012).

**INSTRUCTION 8: Direct and Circumstantial Evidence**

Two types of evidence may be used in this trial, direct evidence and circumstantial (or indirect) evidence.   You may use both types of evidence in reaching your verdict.

Direct evidence is simply evidence which, if believed, directly proves a fact.   An example of "direct evidence" occurs when a witness testifies about something the witness knows from his or her own senses: something the witness has seen, touched, heard, or smelled.

"Circumstantial evidence" is evidence which, if believed, indirectly proves a fact.   It is evidence that proves one or more facts from which you could find or infer the existence of some other fact or facts.   An inference is simply a deduction or conclusion that reason, experience, and common sense lead you to make from the evidence.   An inference is not a suspicion or a guess.   It is a reasoned, logical decision to find that a disputed fact exists on the basis of another fact.

For example, if someone walked into the courtroom wearing a wet raincoat and carrying a wet umbrella, that would be circumstantial or indirect evidence from which you could find or conclude that it was raining.   You would not have to find that it was raining, but you could.

Sometimes different inferences may be drawn from the same set of facts.   The government may ask you to draw one inference, and the defense may ask you to draw another. You, and you alone, must decide what inferences you will draw based on all the evidence.

You should consider all the evidence that is presented in this trial, direct and circumstantial.   The law makes no distinction between the weight that you should give to either direct or circumstantial evidence.   It is for you are to decide how much weight to give any

evidence.8

---

8  3rd Circuit Model Jury Instructions, § 1.09 (2012).

**INSTRUCTION 9: Credibility of Witnesses**

In deciding what the facts are, you must decide what testimony you believe and what testimony you do not believe.    You are the sole judges of the credibility of the witnesses. Credibility refers to whether a witness is worthy of belief: Is the witness truthful?    Is the witness testimony accurate?    You may believe everything a witness says, or only part of it, or none of it.

You may decide whether to believe a witness based on his or her behavior and manner of testifying, the explanations the witness gives, and all the other evidence in the case, just as you would in any important matter where you are trying to decide if a person is truthful, straightforward, and accurate in his or her recollection.    In deciding the question of credibility, remember to use your common sense, your good judgment, and your experience.

In deciding what to believe, you may consider a number of factors:

(1) The opportunity and ability of the witness to see or hear or know the things about which the witness testifies;

(2) The quality of the witness's knowledge, understanding, and memory;

(3) The witness's appearance, behavior, and manner while testifying;

(4) Whether the witness has an interest in the outcome of the case or any motive, bias, or prejudice;

(5) Any relation the witness may have with a party in the case and any effect that the verdict may have on the witness;

(6) Whether the witness said or wrote anything before trial that is different from the

witness's testimony in court;

(7) Whether the witness testimony is consistent or inconsistent with other evidence that you believe;

(8) Any other factors that bear on whether the witness should be believed. Inconsistencies or discrepancies in a witness testimony or between the testimony of different witnesses may or may not cause you to disbelieve that witness testimony.   Two or more persons witnessing an event may simply see or hear it differently.   Mistaken recollection, like failure to recall, is a common human experience.   In weighing the effect of an inconsistency, you should consider whether it is about a matter of importance or an insignificant detail.   You should also consider whether the inconsistency is innocent or intentional.

You are not required to accept testimony even if the testimony is not contradicted and the witness is not impeached.   You may decide that the testimony is not worthy of belief because of the witness bearing and demeanor, or because of the inherent improbability of the testimony, or for other reasons that are sufficient to you.

After you make your own judgment about the believability of a witness, you can then attach to that witness's testimony the importance or weight that you think it deserves.

The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testify. What is more important than numbers is how believable the witnesses are, and how much weight you think their testimony deserves.[9]

---

[9]  3rd Circuit Model Jury Instructions, § 1.10 (2012).

**INSTRUCTION 10: Nature of the Indictment**

The government has charged Kenneth Crawford Jr. with violating federal law, specifically conspiring to defraud the United States, making or presenting false, fictitious, or fraudulent claims with a department of the United States, and obstructing or impeding the due administration of the internal revenue laws.    The charges against Mr. Crawford are contained in the indictment.    An indictment is just the formal way of specifying the exact crimes the defendant is accused of committing.    An indictment is simply a description of the charges against a defendant.    It is an accusation only.    An indictment is not evidence of anything, and you should not give any weight to the fact that Mr. Crawford has been indicted in making your decision in this case.[10]

---

[10] 3rd Circuit Model Jury Instructions, § 1.11 (2012).

**INSTRUCTION 11:   Elements of the Offense(s) Charged**

Kenneth Crawford Jr. is charged in the indictment with committing the offense of conspiracy to defraud the United States.   To help you follow the evidence, I will now give you a brief summary of the elements of that offense, each of which the government must prove beyond a reasonable doubt in order to convict Mr. Crawford of the offense charged.   The elements are:

First:   That two or more persons agreed "to defraud the United States," as charged in the indictment.   "Defraud the United States," means to cheat the United States government or any of its agencies out of money or property.   It also means to obstruct or interfere with one of the United States government's lawful functions, by deceit, craft, trickery, or dishonest means;

Second:   That Kenneth Crawford Jr. was a party to or member of that agreement;

Third:   That Kenneth Crawford Jr. joined the agreement or conspiracy knowing of its objective to defraud the United States and intending to join together with at least one other conspirator to achieve that objective; that is, that Mr. Crawford and at least one other alleged conspirator shared a unity of purpose and the intent to achieve a common goal or objective, to defraud the United States; and

Fourth:   That at some time during the existence of the agreement or conspiracy, at least one of its members performed an overt act in order to further the objective of the agreement.

Kenneth Crawford Jr. is also charged with committing the offense of making or presenting false, fictitious, or fraudulent claims with a department of the United States.   The elements of that offense are:

First: The defendant made or presented to the Internal Revenue Service ("I.R.S.") a claim against the United States;

23

Second: At the time the defendant made or presented this claim, the Internal Revenue Service ("I.R.S.") was an agency of the United States;

Third: The claim presented was false, fictitious or fraudulent; and

Fourth: The defendant knew that the claim was false, fictitious or fraudulent as to a material matter.

Mr. Crawford is charged with presenting a false, fictitious or fraudulent tax return for himself claiming a refund from the IRS.   He is also charged with willfully causing eight other taxpayers to file false, fictitious or fraudulent tax returns claiming refunds from the IRS.

Kenneth Crawford Jr. is also charged with committing the offense of obstructing or impeding the due administration of the internal revenue laws.   The elements of that offense are:

First: that the defendant acted in any way corruptly;

Second: that the defendant obstructed or impeded, or endeavored to obstruct or impede, the due administration of a known pending or reasonably foreseeable tax-related action or proceeding.

What I have just told you is only a preliminary outline of the elements of the offenses charged.   At the end of trial, I will give you final instructions on the elements of the offenses charged and on other matters of law.   Those final instructions will be more detailed; they will guide you in reaching your verdict in this case.[11]

---

[11] 3rd Circuit Model Jury Instructions, § 1.12 (2012).

**INSTRUCTION 12: Presumption of Innocence; Burden of Proof; Reasonable Doubt**

Kenneth Crawford Jr. has pleaded not guilty to the offenses charged.    Mr. Crawford is presumed to be innocent.    He starts the trial with a clean slate, with no evidence against him. The presumption of innocence stays with Mr. Crawford unless and until the government presents evidence that overcomes that presumption by convincing you that he is guilty of the offenses charged beyond a reasonable doubt.

The presumption of innocence requires that you find Mr. Crawford not guilty, unless you are satisfied that the government has proved guilt beyond a reasonable doubt. The presumption of innocence means that Mr. Crawford has no burden or obligation to present any evidence at all or to prove that he is not guilty.    The burden or obligation of proof is on the government to prove that Mr. Crawford is guilty, and this burden stays with the government throughout the trial.

In order for you to find Mr. Crawford guilty of the offenses charged, the government must convince you that he is guilty beyond a reasonable doubt.    That means that the government must prove each and every element of the offenses charged beyond a reasonable doubt.    A defendant may not be convicted based on suspicion or conjecture, but only on evidence proving guilt beyond a reasonable doubt.

Proof beyond a reasonable doubt does not mean proof beyond all possible doubt or to a mathematical certainty.    Possible doubts or doubts based on conjecture or speculation are not reasonable doubts.    A reasonable doubt is a fair doubt based on reason, logic, common sense, or experience.    A reasonable doubt means a doubt that would cause an ordinary reasonable person to hesitate to act in matters of importance in his or her own life.    It may arise from the evidence, or from the lack of evidence, or from the nature of the evidence.

If, after hearing all the evidence, you are convinced that the government has proved Kenneth Crawford Jr. guilty beyond a reasonable doubt, you should return a verdict of guilty. However, if you have a reasonable doubt as to an element of an offense, then you must return a verdict of not guilty.[12]

---

[12] 3rd Circuit Model Jury Instructions, § 1.13 (2012).

**INSTRUCTION 13: Pro Se Defendant**

Kenneth Crawford Jr. has decided to represent himself in this trial and not to use the services of a lawyer.    He has a constitutional right to do that.    His decision has no bearing on whether he is guilty or not guilty, and it must not affect your consideration of the case.

Because Mr. Crawford has decided to act as his own lawyer, you will hear him speak at various times during the trial.    He may make an opening statement and closing argument.    He may ask questions of witnesses, make objections, and argue to the court.    I want to remind you that when Mr. Crawford speaks in these parts of the trial, he is acting as a lawyer in the case, and his words are not evidence.    The only evidence in this case comes from witnesses who testify under oath on the witness stand and from exhibits that are admitted.

Mr. Crawford has been appointed an attorney to act as standby counsel.    That attorney may be present at the defense table throughout trial and Mr. Crawford may consult with him, but Mr. Crawford is constitutionally entitled to actual control of the case and his standby lawyer will not interfere with that right.13

---

13 3rd Circuit Model Jury Instructions, § 1.18 (2012).

## INSTRUCTIONS FOR USE DURING TRIAL

**INSTRUCTION 14:    Defendant's Prior Bad Acts or Crimes (F.R.E. 404(b))**

You have heard testimony that the defendant failed to file tax returns for tax years 2015 and 2016.

This evidence was admitted only for a limited purpose.    You may only consider this evidence for the purpose of deciding whether the defendant had the state of mind, knowledge, or intent necessary to commit the crimes charged in the indictment.

You have also heard testimony and seen exhibits that show the defendant tried to eliminate others' mortgages through the creation and filing of supposed "Private Registered Setoff Bonds."    This evidence was also admitted only for a limited purpose.    You may consider this evidence to provide background information regarding the relationship between the defendant and the witnesses who testified.    You may also consider this evidence for the purpose of deciding whether the defendant had the state of mind, knowledge, or intent necessary to commit the crimes charged in the indictment.

Do not consider this evidence for any other purpose.

Of course, it is for you to determine whether you believe this evidence and, if you do believe it, whether you accept it for the purpose offered.    You may give it such weight as you feel it deserves, but only for the limited purpose that I described to you.

The defendant is not on trial for committing these other acts.    You may not consider the evidence of these other acts as a substitute for proof that the defendant committed the crimes charged.    You may not consider this evidence as proof that the defendant has a bad character or

any propensity to commit crimes.    Specifically, you may not use this evidence to conclude that because the defendant may have committed the other act, he must also have committed the act(s) charged in the indictment.

Remember that the defendant is on trial here only for conspiracy to defraud the United States, for making and presenting false, fictitious, or fraudulent claims to a department of the United States, and for obstructing or impeding the due administration of the internal revenue laws.    He is not on trial for these other acts.    Do not return a guilty verdict unless the government proves the crimes charged in the indictment beyond a reasonable doubt.14

---

14 3rd Circuit Model Jury Instructions, § 2.23 (2017).

**INSTRUCTION 15: Disruptive Defendant**

<u>Inappropriate verbalization:</u> You just heard the defendant state [insert defendant's statement].   The defendant's statements are not evidence in this case.   Only statements made by the defendant while testifying are evidence.   The defendant has an absolute right under the constitution not to testify and it is the government's burden to prove its case beyond a reasonable doubt.

As I instructed you earlier, the defendant is representing himself in this case.   When he gives an opening or closing statement or questions a witness, his statements and questions are not evidence, just as statements made by the lawyers for the government are not evidence.   As I have instructed you previously and will instruct you again, it is your job to decide the facts based only on the evidence admitted at trial

<u>Inappropriate conduct requiring restraint of defendant:</u> You may notice that the defendant *[describe restraints; e.g., is wearing handcuffs in the courtroom]*.   You must not consider this fact in deciding the issues in this case.   It is not evidence in the case and should not be discussed by you in your deliberations.   It has no bearing on defendant's guilt or innocence.

<u>Inappropriate conduct requiring removal of defendant:</u> You may notice that the defendant is no longer in the courtroom.   The defendant's absence is unrelated to his guilt or innocence and is not evidence in the case.   You must not consider this fact in deciding the issues in this case.15

---

15 3rd Circuit Model Jury Instructions, § 2.34 (2017) (modified).

**INSTRUCTION 16: Limiting Instruction During Trial: Legal Materials and Statements**

[Members of the jury, you may recall that at the beginning of trial I gave you some instructions concerning the role of this Court, as well as your role as jurors. I informed you that this Court is the sole source of law and that you the jurors decide the facts. One of the parties, in this case, the [Government][Defendant], seeks to introduce [evidence, e.g., Exhibit ___ or testimony about membership in ___]. I am going to admit this document for the limited purpose for which it is offered, namely, as evidence of what the [Government][Defendant] believes the document may or may not show concerning the defendant's state of mind. You are to disregard the statements of law contained in this document because this Court is the sole source of the law, and the statements of law in this document are not correct. I instruct you that you cannot rely on these references for purposes of determining what the law is.16

---

16 Similar instruction given repeatedly throughout trial and affirmed by First Circuit in *United States v. Adams*, 740 F.3d 40, 45-46 (1st Cir. 2014) ("Criminal tax cases in which a defendant mounts a good-faith defense are fertile soil for the judicious use of such instructions. In such cases, 'the district court must be permitted to prevent the defendant's alleged view of the law from confusing the jury as to the actual state of the law. . . In this case, the district court's use of cautionary instructions appears to have been carefully considered. Moreover, the content of the cautionary instructions was impeccable.'" (quotation omitted)).

31

**FINAL INSTRUCTIONS**

**INSTRUCTION 17: Role of Jury**

Members of the jury, you have seen and heard all the evidence and the arguments of the lawyers.    Now I will instruct you on the law.

You have two duties as a jury.    Your first duty is to decide the facts from the evidence that you have heard and seen in court during this trial.    That is your job and yours alone.    I play no part in finding the facts.    You should not take anything I may have said or done during the trial as indicating what I think of the evidence or what I think about what your verdict should be.

Your second duty is to apply the law that I give you to the facts.    My role now is to explain to you the legal principles that must guide you in your decisions.    You must apply my instructions carefully.    Each of the instructions is important, and you must apply all of them. You must not substitute or follow your own notion or opinion about what the law is or ought to be.    You must apply the law that I give to you, whether you agree with it or not.

Whatever your verdict, it will have to be unanimous.    All of you will have to agree on it or there will be no verdict.    In the jury room you will discuss the case among yourselves, but ultimately each of you will have to make up his or her own mind.    This is a responsibility that each of you has and that you cannot avoid.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as the telephone, a cell phone, smart phone, iPhone, Blackberry or computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or website

such as Facebook, MySpace, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom.

Perform these duties fairly and impartially.   Do not allow sympathy, prejudice, fear, or public opinion to influence you.   You should also not be influenced by any person's race, color, religion, national ancestry, gender, occupation, or economic circumstances.[17]

---

17 3rd Circuit Model Jury Instructions, § 3.01 (2015).

**INSTRUCTION 18: Evidence**

You must make your decision in this case based only on the evidence that you saw and heard in the courtroom.    Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence from which you are to find the facts consists of the following:

(1) The testimony of the witnesses;

(2) Documents and other things received as exhibits; and

(3) Any fact or testimony that was stipulated; that is, formally agreed to by the parties.

The following are not evidence:

(1) The indictment;

(2) Statements and arguments of the lawyers, or the defendant when acting as his own lawyer, in this case;

(3) Questions by the lawyers, or by the defendant when acting as his own lawyer, and questions that I might have asked;

(4) Objections by lawyers or the defendant, including objections in which they stated facts;

(5) Any testimony I struck or told you to disregard; and

(6) Anything you may have seen or heard about this case outside the courtroom.

You should use your common sense in weighing the evidence.    Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves.    If your experience and common sense tells you that certain evidence reasonably leads to a conclusion, you may reach that conclusion.

As I told you in my preliminary instructions, the rules of evidence control what can be

received into evidence.    During the trial the lawyers objected when they thought that evidence was offered that was not permitted by the rules of evidence.    These objections simply meant that the lawyers were asking me to decide whether the evidence should be allowed under the rules.

You should not be influenced by the fact that an objection was made.    You should also not be influenced by my rulings on objections or any sidebar conferences you may have overheard.    When I overruled an objection, the question was answered or the exhibit was received as evidence, and you should treat that testimony or exhibit like any other.    When I allowed evidence for a limited purpose only, I instructed you to consider that evidence only for that limited purpose and you must do that.

When I sustained an objection, the question was not answered or the exhibit was not received as evidence.    You must disregard the question or the exhibit entirely.    Do not think about or guess what the witness might have said in answer to the question; do not think about or guess what the exhibit might have shown.    Sometimes a witness may have already answered before a lawyer objected or before I ruled on the objection.    If that happened and if I sustained the objection, you must disregard the answer that was given.

Also, if I ordered that some testimony or other evidence be stricken or removed from the record, you must disregard that evidence.    When you are deciding this case, you must not consider or be influenced in any way by the testimony or other evidence that I told you to disregard.

Although the lawyers may have called your attention to certain facts or factual conclusions that they thought were important, what the lawyers said is not evidence and is not

binding on you.    It is your own recollection and interpretation of the evidence that controls your decision in this case.    Also, do not assume from anything I may have done or said during the trial that I have any opinion about any of the issues in this case or about what your verdict should be.[18]

---

[18] 3rd Circuit Model Jury Instructions, § 3.02 (2015).

**INSTRUCTION 19:   Direct and Circumstantial Evidence**

Two types of evidence may be used in this trial, "direct evidence" and "circumstantial (or indirect) evidence."   You may use both types of evidence in reaching your verdict.

"Direct evidence" is simply evidence which, if believed, directly proves a fact.   An example of "direct evidence" occurs when a witness testifies about something the witness knows from his or her own senses — something the witness has seen, touched, heard, or smelled.

"Circumstantial evidence" is evidence which, if believed, indirectly proves a fact.   It is evidence that proves one or more facts from which you could reasonably find or infer the existence of some other fact or facts.   A reasonable inference is simply a deduction or conclusion that reason, experience, and common sense lead you to make from the evidence.   A reasonable inference is not a suspicion or a guess.   It is a reasoned, logical decision to find that a disputed fact exists on the basis of another fact.

For example, if someone walked into the courtroom wearing a wet raincoat and carrying a wet umbrella, that would be circumstantial or indirect evidence from which you could reasonably find or conclude that it was raining.   You would not have to find that it was raining, but you could.

Sometimes different inferences may be drawn from the same set of facts.   The government may ask you to draw one inference, and the defense may ask you to draw another. You, and you alone, must decide what reasonable inferences you will draw based on all the evidence and your reason, experience and common sense.

You should consider all the evidence that is presented in this trial, direct and circumstantial.   The law makes no distinction between the weight that you should give to either

37

direct or circumstantial evidence.    It is for you to decide how much weight to give any

evidence.[19]

---

[19] 3rd Circuit Model Jury Instructions, § 3.03 (2015)

**INSTRUCTION 20: Credibility of Witnesses**

As I stated in my preliminary instructions at the beginning of the trial, in deciding what the facts are you must decide what testimony you believe and what testimony you do not believe. You are the sole judges of the credibility of the witnesses.   Credibility refers to whether a witness is worthy of belief: Was the witness truthful?   Was the witness' testimony accurate? You may believe everything a witness says, or only part of it, or none of it.

You may decide whether to believe a witness based on his or her behavior and manner of testifying, the explanations the witness gave, and all the other evidence in the case, just as you would in any important matter where you are trying to decide if a person is truthful, straightforward, and accurate in his or her recollection.     In deciding the question of credibility, remember to use your common sense, your good judgment, and your experience.

In deciding what to believe, you may consider a number of factors:

(1) The opportunity and ability of the witness to see or hear or know the things about which the witness testified;

(2) The quality of the witness' knowledge, understanding, and memory;

(3) The witness' appearance, behavior, and manner while testifying;

(4) Whether the witness has an interest in the outcome of the case or any motive, bias, or prejudice;

(5) Any relation the witness may have with a party in the case and any effect the verdict may have on the witness;

(6) Whether the witness said or wrote anything before trial that was different from the witness' testimony in court;

39

(7) Whether the witness' testimony was consistent or inconsistent with other evidence that you believe; and

(8) Any other factors that bear on whether the witness should be believed.

Inconsistencies or discrepancies in a witness' testimony or between the testimony of different witnesses may or may not cause you to disbelieve a witness' testimony.   Two or more persons witnessing an event may simply see or hear it differently.   Mistaken recollection, like failure to recall, is a common human experience.   In weighing the effect of an inconsistency, you should also consider whether it was about a matter of importance or an insignificant detail. You should also consider whether the inconsistency was innocent or intentional.

You are not required to accept testimony even if the testimony was not contradicted and the witness was not impeached.   You may decide that the witness is not worthy of belief because of the witness' bearing and demeanor, or because of the inherent improbability of the testimony, or for other reasons that are sufficient to you.

After you make your own judgment about the believability of a witness, you can then attach to that witness' testimony the importance or weight that you think it deserves.

The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testified or the quantity of evidence that was presented.   What is more important than numbers or quantity is how believable the witnesses were, and how much weight you think their testimony deserves.[20]

---

[20] 3rd Circuit Model Jury Instructions, § 3.04 (2015).

**INSTRUCTION 21:   Not All Evidence, Not All Witnesses Needed**

Although the government is required to prove the defendant guilty beyond a reasonable doubt, the government is not required to present all possible evidence related to the case or to produce all possible witnesses who might have some knowledge about the facts of the case.   In addition, as I have explained, the defendant is not required to present any evidence or produce any witnesses.21

---

21 3rd Circuit Model Jury Instructions, § 3.05 (2015).

**INSTRUCTION 22: Presumption of Innocence; Burden of Proof; Reasonable Doubt**

The defendant, Kenneth Crawford Jr., pleaded not guilty to the offenses charged.   Mr. Crawford is presumed to be innocent.   He started the trial with a clean slate, with no evidence against him.   The presumption of innocence stays with him unless and until the government has presented evidence that overcomes that presumption by convincing you that Mr. Crawford is guilty of the offenses charged beyond a reasonable doubt.   The presumption of innocence requires that you find the defendant not guilty, unless you are satisfied that the government has proved guilt beyond a reasonable doubt.

The presumption of innocence means that Mr. Crawford has no burden or obligation to present any evidence at all or to prove that he is not guilty.   The burden or obligation of proof is on the government to prove that Mr. Crawford is guilty and this burden stays with the government throughout the trial.

In order for you to find Mr. Crawford guilty of the offenses charged, the government must convince you that Mr. Crawford is guilty beyond a reasonable doubt.   That means that the government must prove each and every element of the offenses charged beyond a reasonable doubt.   A defendant may not be convicted based on suspicion or conjecture, but only on evidence proving guilt beyond a reasonable doubt.

Proof beyond a reasonable doubt does not mean proof beyond all possible doubt or to a mathematical certainty.   Possible doubts or doubts based on conjecture, speculation, or hunch are not reasonable doubts.   A reasonable doubt is a fair doubt based on reason, logic, common sense, or experience.   It is a doubt that an ordinary reasonable person has after carefully weighing all of the evidence, and is a doubt of the sort that would cause him or her to hesitate to

42

act in matters of importance in his or her own life.    It may arise from the evidence, or from the lack of evidence, or from the nature of the evidence.

If, having now heard all the evidence, you are convinced that the government proved each and every element of the offense charged beyond a reasonable doubt, you should return a verdict of guilty for that offense.    However, if you have a reasonable doubt about one or more of the elements of the offense charged, then you must return a verdict of not guilty of that offense.22

---

22 3rd Circuit Model Jury Instructions, § 3.06 (2015).

**INSTRUCTION 23:    Nature of the Indictment**

As you know, Kenneth Crawford Jr. is charged in the indictment with violating federal law, specifically conspiracy to defraud the United States, making or presenting a false, fictitious, or fraudulent claim to a department of the United States, and obstructing or impeding the due administration of the internal revenue laws.    As I explained at the beginning of trial, an indictment is just the formal way of specifying the exact crimes the defendant is accused of committing.    An indictment is simply a description of the charges against a defendant.    It is an accusation only.    An indictment is not evidence of anything, and you should not give any weight to the fact that Mr. Crawford has been indicted in making your decision in this case.[23]

---

23 3rd Circuit Model Jury Instructions, § 3.07 (2015).

**INSTRUCTION 24: On or About**

You will note that the indictment charges that the offenses were committed "on or about" certain dates.   The Government does not have to prove with certainty the exact date of the alleged offense.   It is sufficient if the Government proves beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.[24]

---

[24] 3rd Circuit Model Jury Instructions, § 3.08 (2015).

**INSTRUCTION 25:   Conspiracy "To Defraud the United States" – Elements (18 U.S.C. § 371)**

Count 1 of the indictment charges that from in or about February 2015 through in or about May 2016, in the District of New Jersey and elsewhere, Kenneth Crawford Jr. agreed or conspired with one or more other persons to defraud the United States and that, to further the objective of the conspiracy, one member of the conspiracy committed at least one overt act, as alleged in the indictment.

It is a federal crime for two or more persons to conspire or agree to defraud the United States or any of its agencies, even if they never actually achieve their objective.    A conspiracy is a kind of criminal partnership.

In order for you to find Mr. Crawford guilty of conspiracy to defraud the United States, you must find that the government proved beyond a reasonable doubt each of the following four (4) elements:

First:   That two or more persons agreed "to defraud the United States," as charged in the indictment.   "Defraud the United States," means to cheat the United States government or any of its agencies out of money or property.   It also means to obstruct or interfere with one of the United States government's lawful functions, by deceit, craft, trickery, or dishonest means;

Second:   That Kenneth Crawford Jr. was a party to or member of that agreement;

Third:   That Kenneth Crawford Jr. joined the agreement or conspiracy knowing of its objective to defraud the United States and intending to join together with at least one other conspirator to achieve that objective; that is, that Mr. Crawford and at least one other alleged conspirator shared a unity of purpose and the intent to achieve a common goal or objective, to

46

defraud the United States; and

      Fourth:   That at some time during the existence of the agreement or conspiracy, at least one of its members performed an overt act in order to further the objective of the agreement.

      I will explain these elements in more detail.[25]

---

25  3rd Circuit Model Jury Instructions, § 6.18.371B (2012).

**INSTRUCTION 26: Conspiracy – Existence of an Agreement**

The first element of the crime of conspiracy is the existence of an agreement.    The government must prove beyond a reasonable doubt that two or more persons knowingly and intentionally arrived at a mutual understanding or agreement, either spoken or unspoken, to work together to achieve the overall objective of the conspiracy, to defraud the United States.

The government does not have to prove the existence of a formal or written agreement, or an express oral agreement spelling out the details of the understanding.    The government also does not have to prove that all the members of the conspiracy directly met, or discussed between themselves their unlawful objective, or agreed to all the details, or agreed to how the objective would be accomplished.    The government is not even required to prove that all the people named in the indictment were, in fact, parties to the agreement, or that all members of the alleged conspiracy were named, or that all members of the conspiracy are even known.    What the government must prove beyond a reasonable doubt is that two or more persons in some way or manner arrived at some type of agreement, mutual understanding, or meeting of the minds to try to accomplish a common and unlawful objective.

You may consider both direct evidence and circumstantial evidence in deciding whether the government has proved beyond a reasonable doubt that an agreement or mutual understanding existed.    You may find the existence of a conspiracy based on reasonable inferences drawn from the actions and statements of the alleged members of the conspiracy, from the circumstances surrounding the scheme, and from evidence of related facts and circumstances which prove that the activities of the participants in a criminal venture could not have been

carried out except as the result of a preconceived agreement, scheme, or understanding.26

---

26 3rd Circuit Model Jury Instructions, § 6.18.371C (2012).

**INSTRUCTION 27: Conspiracy – Membership in the Agreement**

If you find that a criminal agreement or conspiracy existed, then in order to find Kenneth Crawford Jr. guilty of conspiracy you must also find that the government proved beyond a reasonable doubt that Mr. Crawford knowingly and intentionally joined that agreement or conspiracy during its existence.   The government must prove that Mr. Crawford knew the goal or objective of the agreement or conspiracy and voluntarily joined it during its existence, intending to achieve the common goal or objective and to work together with the other alleged conspirators toward that goal or objective.

The government need not prove that Kenneth Crawford Jr. knew everything about the conspiracy or that he knew everyone involved in it, or that he was a member from the beginning. The government also does not have to prove that Mr. Crawford played a major or substantial role in the conspiracy.

You may consider both direct evidence and circumstantial evidence in deciding whether Mr. Crawford joined the conspiracy, knew of its criminal objective, and intended to further the objective.   Evidence which shows that Kenneth Crawford only knew about the conspiracy, or was only present when it was discussed or when a crime was committed, is not sufficient to prove that he was a member of the conspiracy even if he approved of what was happening or did not object to it.   Likewise, evidence showing that Mr. Crawford may have done something that happened to help a conspiracy does not necessarily prove that he joined the conspiracy.   You may, however, consider this evidence, with all the other evidence, in deciding whether the government proved beyond a reasonable doubt that Kenneth Crawford Jr. joined the

conspiracy.[27]

---

[27] 3rd Circuit Model Jury Instructions, § 6.18.371D (2012).

**INSTRUCTION 28: Conspiracy – Mental States**

In order to find Kenneth Crawford Jr. guilty of conspiracy you must find that the government proved beyond a reasonable doubt that he joined the conspiracy knowing of its objective and intending to help further or achieve that objective.    That is, the government must prove: (1) that Mr. Crawford knew of the objective or goal of the conspiracy, (2) that he joined the conspiracy intending to help further or achieve that goal or objective, and (3) that he and at least one other alleged conspirator shared a unity of purpose toward that objective or goal.[28]

---

28  3rd Circuit Model Jury Instructions, § 6.18.371E (2012).

**INSTRUCTION 29: Conspiracy – Overt Acts**

With regard to the fourth element of conspiracy – overt acts – the government must prove beyond a reasonable doubt that during the existence of the conspiracy at least one member of the conspiracy performed at least one of the overt acts described in the indictment, for the purpose of furthering or helping to achieve the objective of the conspiracy.

The indictment alleges certain overt acts.   The government does not have to prove that all of these acts were committed or that any of these acts were themselves illegal.    Also, the government does not have to prove that Kenneth Crawford Jr. personally committed any of the overt acts.   The government must prove beyond a reasonable doubt that at least one member of the conspiracy committed at least one of the overt acts alleged in the indictment and committed it during the time that the conspiracy existed, for the purpose of furthering or helping to achieve the objective of the conspiracy.    You must unanimously agree on the overt act that was committed.29

---

29 3rd Circuit Model Jury Instructions, § 6.18.371F (2012).

**INSTRUCTION 30:   Conspiracy – Success Immaterial**

The government is not required to prove that any of the members of the conspiracy were successful in achieving any or all of the objectives of the conspiracy.   You may find Kenneth Crawford guilty of conspiracy if you find that the government proved beyond a reasonable doubt the elements I have explained, even if you find that the government did not prove that any of the conspirators actually defrauded the United States.30

---

30 3rd Circuit Model Jury Instructions, § 6.18.371G (2012).

**INSTRUCTION 31: Making or Presenting False, Fictitious, or Fraudulent Claims (18 U.S.C. §  287)**

Counts 2 – 10 of the indictment charge that Kenneth Crawford Jr. made and presented, and caused to be made and presented, to the Internal Revenue Service tax returns with claims for refunds, which the defendant knew to be false, fictitious and fraudulent, and to which the defendant knew the identified taxpayers were not entitled, in violation of Title 18, United States Code, Sections 287 and 2.

Section 287 of Title 18 of the United States Code provides, in part, that:

Whoever makes or presents to any person or officer in the civil, military, or naval service of the United States, or to any department or agency thereof, any claim upon or against the United States, or any department or agency thereof, knowing such claim to be false, fictitious or fraudulent shall be ... guilty of an offense against the United States.31

---

31  18 U.S.C. § 287; 2 O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions, §30.02 (5th ed. 2000).

55

**INSTRUCTION 32: Making or Presenting False, Fictitious, or Fraudulent**

**Claims--Elements**

To sustain its burden of proof for the crime of making or presenting a claim to the United States knowing that it is false, fictitious, or fraudulent, the government must prove the following four elements beyond a reasonable doubt:

First: The defendant made or presented to the Internal Revenue Service ("I.R.S.") a claim against the United States;

Second: At the time the defendant made or presented this claim, the Internal Revenue Service ("I.R.S.") was an agency of the United States;

Third: The claim presented was false, fictitious or fraudulent; and

Fourth: The defendant knew that the claim was false, fictitious or fraudulent as to a material matter.32

---

32 2 O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions, §30.03 (5th ed. 2000); *United States v. Saybolt*, 577 F.3d 195, 199-200 (3d Cir. 2009); 18 U.S.C. § 3147(1).

**INSTRUCTION 33: Making False Claims -"Any Department Or Agency" - Defined**

The term "department," as used in these instructions, means one of the executive departments of the government, including the Department of the Treasury.

The term "agency," as used in these instructions, includes any independent establishment, commission, administration, authority, board or bureau of the United States, including the Internal Revenue Service.

To sustain its burden regarding the making or presenting a claim to an "agency" of the government, it is not necessary for the prosecution to prove that the defendant made or presented the claim directly to the agency in question, so long as it was reasonably foreseeable that the claim would eventually be filed with an agency.[33]

---

[33] 2 O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions, §30.04 (5th ed. 2000).

**INSTRUCTION 34: "Claim" - Defined**

A "claim," as that word is used in these instructions, is a demand for money,

credit, or reimbursement.    A tax return claiming a tax refund is a claim against the United

States.34

---

34 2 O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions, §30.07 (5th ed. 2000).
53; *United States v. Thayer*, 201 F.3d 214, 223 (3d Cir. 1999).

**INSTRUCTION 35: "False, Fictitious, Or Fraudulent" - Defined**

A "false" or "fictitious" claim is one which is untrue when made or when used and which is known by the person making it or using it to be untrue.

A "fraudulent" claim is one which is known to be materially untrue and which is made or used with the intent to deceive.35

---

35 2 O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions, §30.05 (5th ed. 2000); *United States v. Saybolt*, 577 F.3d 195, 199-200 (3d Cir. 2009) (holding that a "fraudulent" claim must be materially untrue, but a "false" or "fictitious" claim does not need to be materially untrue.   Thus, the use of the disjunctive connector "or" between the terms "false," "fictitious," and "fraudulent" compels one conclusion: proof of materiality is not always necessary to establish a Section 287 violation.")

**INSTRUCTION 36: "Material" - Defined**

A claim is "material," as that word is used in these instructions, if it has a natural tendency to influence or was capable of influencing the actions of the decision making body to which it was addressed.

In determining whether a claim is material, it is irrelevant whether the claim actually influenced or affected the decision-making process of the agency, only that it had a natural tendency to influence or was capable of influencing.36

---

36 *See* 1A, O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions § 11:05 (5th ed. 2011) (modified); *United States v. Sarihifard*, 155 F.3d 301, 306 (4th Cir. 1998) (holding that only tendency to influence, not actual influence, required for materiality).

**INSTRUCTION 37: Causing the Criminal Acts of Another (18 U.S.C. § 2(b))**

A person may be guilty of an offense because he personally committed the offense himself or because he willfully caused another person to commit acts which would constitute the offense if the acts had been performed by him directly.

In this case, Kenneth Crawford Jr. is charged with making or presenting false, fictitious, or fraudulent claims to a department of the United States and is alleged to have caused clients identified in counts 2 – 9 of indictment to commit acts which would constitute the crime of submitting false claims if the acts had been performed by Kenneth Crawford Jr. directly.   To find Mr. Crawford guilty of submitting false claims because he caused others to commit the acts constituting the offense, you need not find that Mr. Crawford committed any of the acts himself. You must, however, find that the government proved beyond a reasonable doubt each of the following three (3) requirements:

First: That acts constituting the offenses charged were committed by the clients identified in Counts 2 through 9 of the Indictment;

Second: That Kenneth Crawford had the mental state required for the offense that he caused the other person to commit.   In this case that means the government must prove beyond a reasonable doubt that Kenneth Crawford Jr. knew that the claims he caused others to file were false, fictitious, or fraudulent;

Third: That Kenneth Crawford Jr. willfully caused the clients identified in Counts 2 through 9 of the Indictment to commit the acts constituting the crime of making or presenting false, fictitious, or fraudulent claims.   In this case that means the government must prove

beyond a reasonable doubt that Kenneth Crawford Jr. willfully caused others to make or present a false, fictitious, or fraudulent claim to the IRS.    To find that Mr. Crawford "caused" this other person to commit those acts, you must find that the government proved beyond a reasonable doubt that Mr. Crawford brought about those acts.

As I stated, the government must prove beyond a reasonable doubt that the clients identified in Counts 2 through 9 of the Indictment committed the acts constituting the offense. However, it is not necessary for you to find that those clients is themselves are guilty of the offense as a matter of criminal law.    For example, there may be a situation in which a person commits all of the acts which comprise a federal crime, but is not responsible for the crime because of, for example, mental impairment or youth, or is not guilty of the crime because he or she acted innocently, and did not have the mental state required to commit that crime. Nevertheless, Mr. Crawford may be guilty of causing that crime, under the instructions I have given to you, where Mr. Crawford did intend that the crime be committed and willfully caused the criminal acts to be committed by another person.    Thus, to find Kenneth Crawford Jr. guilty of causing another person to commit a crime, it is not necessary that this other person be found guilty of a crime, be charged in the indictment, or even be known, so long as you find beyond a reasonable doubt that Mr. Crawford willfully caused the other person to commit the offense.[37]

---

[37] 3rd Circuit Model Jury Instructions, § 7.05 (2014).

**INSTRUCTION 38: "Willfully"—Defined**

Willfully, as used in these instructions, means voluntarily and intentionally, with the specific intent to cause the filing of a false, fictitious, or fraudulent tax return, when it was the legal duty of the defendant not to do so, and the defendant knew it was his legal duty not to do so.38

If defendant acted in good faith, he did not act willfully.   ["A good faith belief is one which is honestly and genuinely held."]   The burden to prove defendant's state of mind, as with all other elements of the crime, rests with the government. This is a subjective standard: what did defendant actually believe, not what a reasonable person should have believed.   However, you may consider the reasonableness of the belief in deciding whether defendant actually held the belief.39

---

38 Sand, et al, Modern Federal Jury Instructions-Criminal P 59.04, Instruction 59-30.

39 *United States v. Basile*, 570 F. App'x 252, 256 (3d Cir. 2014) (approving jury instruction that it "may consider whether the Defendant's stated belief about the tax statutes was reasonable as a factor in deciding whether the belief was honestly or genuinely held")

**INSTRUCTION 39: Willful Blindness**

The element of knowledge on the part of the defendant may be satisfied by inferences drawn from proof that the defendant closed his eyes to what would otherwise have been obvious to the defendant. A finding beyond a reasonable doubt of a conscious purpose by the defendant to avoid knowledge that the tax returns at issue were false, fictitious, or fraudulent as to a material matter would permit an inference that he had such knowledge.

Stated another way, the defendant's knowledge of a fact or circumstance may be inferred from his willful blindness to the existence of that fact and circumstance.

No one can avoid responsibility for a crime by deliberately ignoring what is obvious. Thus, you may find that the defendant knew that the tax returns at issue were false, ficitious, or fraudulent as to a material fact based on evidence that you find exists that proves beyond a reasonable doubt that the defendant was aware of a high probability that the tax returns at issue were false, fictitious, or fraudulent; and two, that defendant consciously and deliberately tried to avoid learning about this fact or circumstance.40

---

40 *United States v. Stadtmauer*, 620 F.3d 238, 253 (3d Cir. 2010) (affirming conviction over challenge to a nearly identical instruction and holding that "the Government need not present direct evidence of conscious avoidance to justify a willful blindness instruction.")

**INSTRUCTIONS 40: Interfering with the Internal Revenue Laws--Elements**

Count 11 charges Kenneth Crawford Jr. with corruptly trying to obstruct or impede the administration of the Internal Revenue laws.   It is against federal law to corruptly endeavor to obstruct or impede the administration of Internal Revenue laws.   For you to find Mr. Crawford guilty of this crime, the government must prove the following things beyond a reasonable doubt:

First: that the defendant acted in any way corruptly;

Second: that the defendant obstructed or impeded, or endeavored to obstruct or impede, the due administration of a known pending or reasonably foreseeable tax-related action or proceeding.

To act "corruptly" is to act with the intent to secure an unlawful advantage or benefit either for one's self or for another.

The term "endeavored" as used in these instructions means to knowingly and deliberately act or to knowingly and deliberately make any effort that has a reasonable tendency to bring about the desired result.

The government must prove some "act" by the defendant, rather than a failure to act. It is not necessary for the government to prove that the "endeavor" was successful or, in fact, achieved the desired result.

To "obstruct or impede" means to hinder, check, stop, or retard the progress of; or to make accomplishment difficult and slow.

The "due administration of the Internal Revenue laws" for purposes of § 7212(a) means a particular tax-related proceeding or targeted administrative action.   An effort to collect taxes

owed or assess penalties would qualify. But it does not include routine administrative procedures that are near-universally applied to all taxpayers, such as the ordinary processing of tax returns.

The government must prove a "nexus" between the defendant's obstructive conduct and the particular tax-related proceeding or administrative action. To prove a nexus, there must be a relationship in time, causation, or logic between an alleged obstructive act and the tax-related action or proceeding.

The act need not be criminal in character.   An act, even if lawful in-and-of-itself, can serve as a corrupt act if it is done with the requisite intent.

In sum, the government must prove that the defendant deliberately engaged in an act intended to corruptly obstruct or impede a known pending, or reasonably foreseeable, tax-related proceeding or administrative action. [41]

---

[41]    *See United States v. Marinello*, 138 S. Ct. 1101 (2018); <u>accord</u> Sand <u>et al.</u>, Modern Federal Jury Instructions–Criminal (2018), No. 59-32; Pattern First Circuit Jury Instruction No. 4.26.7212; *United States v. Floyd*, 740 F.3d 22, 32 (1st Cir. 2014) (related tax fraud promoter case) ("A conviction for violation of section 7212(a) does not require proof of either a tax deficiency . . . or an ongoing audit."); <u>Id.</u> at 31 ("Even actions that would otherwise be lawful may transgress the statute if they are undertaken with the intention of securing an unlawful benefit."); <u>accord</u> Pattern First Circuit Jury Instruction 4.26..7212(a).

**INSTRUCTION 41: Separate Consideration**

Kenneth Crawford Jr. is charged with one count of conspiracy to defraud the United States, nine counts of making or presenting false, fictitious, or fraudulent claims to a department of the United States, and one count of obstructing or impeding the due administration of the internal revenue laws; each offense is charged in a separate count of the indictment.

The number of offenses charged is not evidence of guilt, and this should not influence your decision in any way.    You must separately consider the evidence that relates to each offense, and you must return a separate verdict for each offense.    For each offense charged, you must decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of that particular offense.

Your decision on one offense, whether guilty or not guilty, should not influence your decision on any of the other offenses charged.    Each offense should be considered separately.[42]

---

42 3rd Circuit Model Jury Instructions, § 3.12 (2015).

**INSTRUCTION 42: Election of Foreperson; Unanimous Verdict; Do Not Consider Punishment; Duty to Deliberate; Communication with Court**

That concludes my instructions explaining the law regarding the testimony and other evidence, and the offenses charged.    Now let me explain some things about your deliberations in the jury room, and your possible verdicts.

First:    The first thing that you should do in the jury room is choose someone to be your foreperson. This person will speak for the jury here in court.    He or she will also preside over your discussions.    However, the views and vote of the foreperson are entitled to no greater weight than those of any other juror.

Second:    I want to remind you that your verdict, whether it is guilty or not guilty, must be unanimous.    To find Kenneth Crawford Jr. guilty of an offense, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves each element of that offense beyond a reasonable doubt.    To find Mr. Crawford not guilty, every one of you must agree that the government has failed to convince you beyond a reasonable doubt.

Third:    If you decide that the government has proved Mr. Crawford guilty, then it will be my responsibility to decide what the appropriate punishment should be.    You should never consider the possible punishment in reaching your verdict.

Fourth:    As I have said before, your verdict must be based only on the evidence received in this case and the law I have given to you. You should not take anything I may have said or done during trial as indicating what I think of the evidence or what I think your verdict should be. What the verdict should be is the exclusive responsibility of the jury.

Fifth:   Now that all the evidence is in, the arguments are completed, and once I have finished these instructions, you are free to talk about the case in the jury room.   In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say.   Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.   But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that--your own vote.   It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.   Listen carefully to what the other jurors have to say, and then decide for yourself if the government has proved the defendant guilty beyond a reasonable doubt.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say.   You should all feel free to speak your minds.

Sixth:   Once you start deliberating, do not talk, communicate with, or provide any information about this case by any means to the court officials, or to me, or to anyone else except each other.   During your deliberations, you may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry or computer; the internet, any internet service, or any text or instant messaging service; or any internet chat room, blog, or website such as Facebook, My Space, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case.

Seventh:   If you have any questions or messages, your foreperson should write them

69

down on a piece of paper, sign them, and then give them to the court official who will give them

to me.   I will first talk to the lawyers about what you have asked, and I will respond as soon as I

can.   In the meantime, if possible, continue with your deliberations on some other subject.

One more thing about messages.   Do not ever write down or tell anyone how you or any

one else voted.   That should stay secret until you have finished your deliberations.   If you have

occasion to communicate with the court while you are deliberating, do not disclose the number

of jurors who have voted to convict or acquit on any offense(s).43

_____

43 3rd Circuit Model Jury Instructions, § 3.16 (2015).

**INSTRUCTION 43: Verdict Form**

A verdict form has been prepared that you should use to record your verdicts.

Take this form with you to the jury room.    When you have reached your unanimous verdicts, the foreperson should write the verdicts on the form, date and sign it, return it to the courtroom and give the form to my courtroom deputy to give to me.    If you decide that the government has proved Kenneth Crawford Jr. guilty of any or all of the offenses charged beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. If you decide that the government has not proved Mr. Crawford guilty of some or all of the offenses charged beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form.[44]

---

[44] 3rd Circuit Model Jury Instructions, § 3.17 (2015)