2017R00153

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA          :          Crim. No. 18-505 (RBK)

   v.        :          HON. ROBERT KUGLER

KENNETH CRAWFORD JR.          :

### MOTION TO SEQUESTER WITNESSES

The United States respectfully requests that the Court sequester all potential witnesses from the courtroom during trial, with the exception of the Government's summary witness, IRS Revenue Agent Maryann Frisbie.

The Government requests that the potential witnesses be excluded from the courtroom during trial pursuant to Federal Rule of Evidence 615, which provides:

> At a party's request, the court must order witnesses excluded so that they cannot hear other witnesses' testimony.   Or the court may do so on its own. But this rule does not authorize excluding: (a) a party who is a natural person; (b) an officer or employee of a party that is not a natural person, after being designated as the party's representative by its attorney; (c) a person whose presence a party shows to be essential to presenting the party's claim or defense; or (d) a person authorized by statute to be present.

Revenue Agent Frisbie is not a fact witness, but will be offered as a summary witness at the end of the Government's case-in-chief in order to summarize tax and financial records offered into evidence.   As is standard practice in a federal tax prosecution, the Government requests that Revenue Agent Frisbie be permitted to remain in the courtroom throughout the presentation of the evidence.   See, e.g., United States v. Lussier, 929 F.2d 25, 30 (1st Cir. 1991) (case agent who was summary witness allowed to remain in courtroom); United States v. Mohney, 949 F.2d 1397 (6th Cir. 1991) (expert witness allowed to remain in courtroom).   The

Government contends that Ms. Frisbie is a person whose presence is essential to the presentation of the Government's case under Rule 615(c).    Indeed, her role as a summary witness is to know and summarize the evidence admitted at trial.    In addition, the purpose for sequestering a witness is "to prevent the shaping of testimony by witnesses to match that given by other witnesses."   United States v. Strauss,   473 F.2d 1262, 1263 (3d Cir. 1973); United States v. Cozzetti, 441 F.2d 344, 350 (9th Cir. 1971); see also United States v. Stierhoff, 549 F.3d 19, 28 (1st Cir. 2008) (summary testimony of revenue agent "fits comfortably within the mine-run of permissible summary witness testimony in tax cases.").    When the witness's testimony relates only to a summary of records and does not depend on any prior testimony, even the rationale for the sequestration of the witness is absent.    Accordingly, Agent Frisbie should be excluded from a sequestration order and be permitted to be present in the courtroom throughout the trial.

## CONCLUSION

For the foregoing reasons, the Government requests that the Court sequester all witnesses from the courtroom during trial, save Revenue Agent Maryann Frisbie for the reasons set forth above.

Respectfully submitted by:

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General
U.S. Department of Justice, Tax Division


/s/John N. Kane, Jr._____
SEAN GREEN
Trial Attorney
JOHN KANE
Assistant Chief
U.S. Department of Justice
Tax Division, Northern Criminal Enforcement

(202) 307-2554
Sean.M.Green@usdoj.gov
John.N.Kane@usdoj.gov